# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ROBBIE EMERY BURKE, as Special Administratrix of the Estate of BILLY WOODS, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 18-CV-108-RAW ) |
| (1) MUSKOGEE COUNTY COUNCIL OF YOUTH SERVICES ("MCCOYS"), a Domestic Not-for-Profit Corporation, *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

## **AGREED JURY INSTRUCTIONS**

Pursuant to the Court's Order dated April 2, 2019 (Dkt. 182) and its Minute Order dated May 16, 2019 (Dkt. 221), Plaintiff Robbie Emery Burke, as Special Administratrix of the Estate of Billy Woods, Deceased, and Defendant Board of County Commissioners of Muskogee County, Oklahoma, submit the following Agreed Jury Instructions to be used in the trial of this matter.

Respectfully submitted,

s/ Robert M. Blakemore
Robert M. Blakemore, OBA No. 18656
bobblakemore@ssrok.com
Daniel E. Smolen, OBA No. 19943
danielsmolen@ssrok.com
Bryon D. Helm, OBA No. 33003
bryonhelm@ssrok.com
Smolen & Roytman, PLLC
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone: (918) 585-2667
Fax: (918) 565-2669
*Attorneys for Plaintiff*

1

        s/ Andy A. Artus
Andy A. Artus, OBA No. 16169
Jamison C. Whitson, OBA No. 18490
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK   73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: jcw@czwlaw.com
      aaa@czwlaw.com

*Attorneys for Defendant Board of Commissioners of Muskogee County, Oklahoma*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen, via electronic mail at: danielsmolen@ssrok.com
Robert M. Blakemore, via electronic mail at: bobblakemore@ssrok.com
Bryon D. Helm, via electronic mail at: bryonhelm@ssrok.com
701 South Cincinnati Avenue
Tulsa, OK 74119

-and-

Joel A. LaCourse, OBA No. 17082
Caleb Salmon
LaCourse Law, PLLC
715 S. Elgin Ave.
Tulsa, OK 74120
Telephone:   (918) 744-7100
Facsimile:   (918) 477-2299
Email:   Joel@lacourselaw.com

*Attorneys for Plaintiff*
Randall J.   Wood, OBA, #10531
Robert S. Lafferrandre, OBA No. 11897
Carson C. Smith, OBA No. 22303

2

PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis
Oklahoma City, OK 73106
Telephone:  (405) 235-1611
Facsimile:  (405) 235-2904
Email:  rwood@piercecouch.com
    rlafferrandre@piercecouch.com
    csmith@piercecouch.com

*Attorney for Defendant Muskogee County Council of Youth Services*


Jacqueline R. Zamarripa, CBA #304681
Richard N. Mann, OBA #11040
Assistant Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:  (405) 521-3921
Facsimile:  (405) 521-4518
Email:  Jackie.zamarripa@oag.ok.gov
    Richard.mann@oag.ok.gov

*Attorneys for Oklahoma Juvenile Affairs and Steven Buck*

James L. Gibbs, II, OBA No. 15689
Seth D. Coldiron, OBA 20041
GOOLSBY, PROCTOR, HEFNER & GIBBS, PC
701 N. Broadway Ave., Suite 400
Oklahoma City, OK 73102-6006
Telephone:  (405) 524-2400
Facsimile:  (405) 525-6004
Email:  jgibbs@gphglaw.com
    scoldiron@gphglaw.com

*Attorney for Defendants, Brandon Miller, Angela Miller and Marietta Winkle*


Thomas A. LeBlanc, OBA No. 14768
Todd M. Wagner, OBA No. 30278
Jessica L.   Foutch, OBA No. 31851

3

Ryan A. McDonald, OBA No. 31645
Best & Sharp
Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103
Telephone:	(918) 582-1234
Facsimile:	(918) 585-9447
Email:	tleblanc@bestsharp.com
	twagner@bestsharp.com
	jfoutch@bestsharp.com
	rmcdonald@bestsharp.com

*Attorneys for Defendant, Jerrod Lang*

                                                  s/ Andy A. Artus
                                                  Andy A. Artus

**AGREED JURY INSTRUCTION NO. 1**

**INSTRUCTIONS FOR BEGINNING OF TRIAL**

Members of the jury panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

**AGREED JURY INSTRUCTION NO. 2**

**OPENING**

Members of the Jury, you have heard the evidence in this case and it is now my duty to instruct you as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in these instructions and to apply that law to the facts as you find them from the evidence presented to you. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole, and are to regard each instruction in the light of all the others.

You are the judges of the facts, the weight of the evidence, and the credibility of the witnesses. From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge that you each possess in common with other persons, you will reach your conclusions.

The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

It is my job to decide what rules of law apply to the case and all the applicable law is contained in these instructions. You must not follow some and ignore others. Even if you disagree or do not understand the reasons for some of the rules, you are bound to follow them.

Nothing I say in these instructions is to be taken as an indication that I have an opinion about the facts of the case. It is not my function to determine the facts, but rather yours.

## AGREED JURY INSTRUCTION NO. 3

## **MEANING OF BURDEN OF PROOF**

In a civil law suit, such as this case, there are requirements as to which party must prove certain things to you. This is called the "burden of proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression, "if you find" or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof, is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense. In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or another party.

## AGREED JURY INSTRUCTION NO. 4

### **EVIDENCE IN THE CASE**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

Testimony or exhibits that the Court has excluded or told you to disregard are not evidence and must not be considered. During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore any answers and questions as to which I sustained an objection. Do not speculate about what a witness might have said or what an exhibit might have shown.

Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at trial. Also, you should not assume from anything I might have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said

9

during the trial in arriving at your own decision concerning the facts.

AUTHORITY: *Federal Jury Practice and Instructions*, 6th ed., § 103.30 (2015); and jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

## AGREED JURY INSTRUCTION NO. 5

### **OBJECTIONS**

It is the duty of attorneys on each side of the case to object when the other side offers testimony or other evidence that counsel believes is not properly admissible.

When the court has sustained an objection to a question, the jury is to disregard the question, and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer.

Upon allowing testimony or other evidence to be introduced over the objection of counsel, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.   As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## AGREED JURY INSTRUCTION NO. 6

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

This case must be decided on the evidence and your deliberations must not be tainted by prejudice for or against any party or influenced by sympathy for any party.

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case. One is direct evidence – such as the testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with all the evidence in the case, both direct and circumstantial.

The law does not require you to accept all of the evidence I have admitted. The lawyers and I merely place it before you. In determining what evidence you will accept, you must make your own evaluation of it.

## AGREED JURY INSTRUCTION NO. 7

### "INFERENCES" DEFINED

You are to consider only the evidence in the case. However, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

AUTHORITY:    *Federal Jury Practice and Instructions*, 6th ed., § 104.20 (2015)

**AGREED JURY INSTRUCTION NO. 8**

**<u>NO SPECULATION</u>**

Your decision must be based upon probabilities, not possibilities.  It may not be based upon speculation or guesswork.

**AGREED JURY INSTRUCTION NO. 9**

**<u>NUMBER OF WITNESSES</u>**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

<u>AUTHORITY:</u>        *Federal Jury Practice and Instructions*, 6th ed., § 104.54 (2015)

**AGREED JURY INSTRUCTION NO. 10**

**<u>EXPERT WITNESSES</u>**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they are qualified as experts, and may also state their reasons for their opinions.

You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

<u>AUTHORITY</u>:   *Federal Jury Practice and Instructions*, 6th ed., § 104.54 (2015); and *Pattern Criminal Federal Jury Instructions for the Seventh Circuit,* § 3.07.

## AGREED JURY INSTRUCTION NO. 11

## <u>ORAL STATEMENTS OR ADMISSIONS</u>

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

<u>AUTHORITY</u>:   *Federal Jury Practice and Instructions*, 6th ed., § 104.53 (2015)

**AGREED JURY INSTRUCTION NO. 12**

**<u>THE PARTIES</u>**

The Plaintiff in this case is Robbie Emery Burke. Ms. Burke is bringing suit as Special Administratrix on behalf of the Estate of Billy Woods ("Woods"), who is deceased. The Defendant in this case is the Board of County Commissioners of Muskogee County, Oklahoma.

The Board of County Commissioners is entitled to the same fair and impartial treatment as an individual defendant would be entitled, regardless of its status as a governmental entity. You should decide this case as to the Board of County Commissioners with the same impartiality and fairness as you would use in deciding this case between individual people.