**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) ROBBIE EMERY BURKE, as Special Administratrix of the Estate of BILLY WOODS, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 18-CV-108-RAW |
| (1) MUSKOGEE COUNTY COUNCIL OF YOUTH SERVICES ("MCCOYS"), a Domestic Not-for-Profit Corporation, *et al.,* | ) ) ) ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO
DEFENDANT'S DEPOSITION DESIGNATIONS**

Robert M. Blakemore, OBA #18656
bobblakemore@ssrok.com
Daniel E. Smolen, OBA # 19943
danielsmolen@ssrok.com
Bryon D. Helm, OBA #33003
bryonhelm@ssrok.com
SMOLEN & ROYTMAN, PLLC
701 South Cincinnati Avenue
Tulsa, Oklahoma 74119
Telephone:  (918) 585-2667
Facsimile:  (918) 585-2669
*Attorneys for Plaintiff*

April 17, 2020

# **TABLE OF CONTENTS**

Page

Table of Authorities..............…..……………….……….……....................................ii

Introduction and Background...……...……………....……….……...….……………1

Summary of Underlying Facts and Claims…………….....…………………….…...2

Discussion...……………………………….....…….……………………….........…....4

    A.  BOCC Has Made No Showing that the Deponents are Unavailable to Testify
        Live at Trial...............................................................................................4

    B.  Plaintiff's Evidentiary Objections to BOCC's Deposition Designations
        Should be Sustained.................................................................................5

        1.  The Depositions of Heath Woods and Ms. Mahler..........................5

            a.  Summary of Plaintiff's Objections................................5

            b.  Objections to the Heath Woods Deposition Designations..........6

            c.  Objections to the Samantha Mahler Deposition Designations.................13

        2.  Expert Depositions…………………………………………………...24

            d.  Objections to the Dr. Reames Deposition Designations..........................24

            e.  Objections to the Hough Deposition Designations...................................25

## **TABLE OF AUTHORITIES**

### *CASES*                                                *Page*

*Barrie v. Grand County, Utah,* 119 F.3d 862 (10th Cir. 1997)……………………….........4

*Bd. of County Com'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397 (1997). …..…………....3

*Bell v. Wolfish,* 441 U.S. 520 (1979)…………..……………………………….....…..........4

*Cox v. Glanz,* 800 F.3d 1231, 1247-48, 1249-50, 1254 (10th Cir. 2015) ………...............4

*Garcia-Martinez v. City & Cty. of Denver,* 392 F.3d 1187 (10th Cir. 2004)..............................4

*Martin v. Bd. of County Com'rs of County of Pueblo,* 909 F.2d 402 (10th Cir. 1990)………......4

*Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658 (1977) …………………….…3

*Olsen v. Layton Hills Mall,* 312 F.3d 1304 (10th Cir. 2002) …………………………..........4

*Therrien v. Target Corp.,* 617 F.3d 1242 (10th Cir. 2010)......................................................5, 6

*United States v. Ochoa,* 609 F.2d 198 (5th Cir. 1980).................................................................5

**Rules**

F.R.E. 401....................................................................................................................*passim*

F.R.E. 402....................................................................................................................*passim*

F.R.E. 403....................................................................................................................*passim*

F.R.E. 404....................................................................................................................*passim*

F.R.E. 602....................................................................................................................*passim*

F.R.E. 801....................................................................................................................*passim*

F.R.E. 802....................................................................................................................*passim*

F.R.E. 804..............................................................................................................................5

F.R.E. 901....................................................................................................................*passim*

Fed.R.Civ.P. 32(a)..............................................................................................................4, 5

**Statutes**

42 U.S.C. § 1983.................................................................................................................3

**COMES NOW** the Plaintiff, Robbie Emery Burke ("Plaintiff"), as Administrator of the Estate of Billy Woods ("Mr. Woods" or "Billy"), and, in compliance with the Court's March 26, 2020 Order (Dkt. #261), respectfully submits her Brief in Support of Plaintiff's Objections to Defendant's Deposition Designations, as follows:

<u>**Introduction and Background**</u>

The remaining Defendant in this case is the Muskogee County Board of County Commissioners ("BOCC"). BOCC designated -- for use at trial -- deposition testimony of four witnesses in this case, Heath Brandon Woods ("Heath Woods"), Samantha Shaye Mahler ("Ms. Mahler"), Jeffrey Reames, M.D. ("Dr. Reames") and Richard Hough ("Mr. Hough"). *See* Dkt. #259, 259-1, 259-2, 259-3 and 259-4. Heath Woods and Ms. Mahler are Billy Woods' parents. Dr. Reames and Mr. Hough are BOCC's proffered experts. Plaintiff has objected to significant portions of these designations, citing numerous provisions of the Federal Rules of Evidence. *Id.*

On March 26, 2020, this Court entered an Order directing the parties to file briefs to: (A) "explain each objection [to each deposition designation] and the applicable rule or rules that apply"; (B) "identify the witness and the specific offending testimony by page and line and indicate the objection by rule number and explain the problem"; and (C) "explain in detail the efforts made between counsel to resolve the objections." Dkt. #261 at 2. The Court expressed justified frustration with both the amount of deposition testimony designated as well as the number of objections. As an example, the Court noted that "the deposition of Heath Wood contains roughly 2750 lines of spoken word of which 1074 lines have been designated and only 37 lines not subject to objection." *Id.* at 1-2.

Since the Court entered its March 26 Order, the parties have conducted two phone conferences in an attempt to find agreement where designations and objections could be culled or eliminated. The undersigned personally read through -- again -- every single line of designated testimony and reviewed each objection. The parties attempted, in good faith, to reach an accord on designations and objections that might be withdrawn. Unfortunately, however, despite these efforts, very little progress was made.[1] Primarily, there is a fundamental dispute as to the relevance and admissibility of the deposition testimony of Billy's parents, Heath Woods and Ms. Mahler.

---

[1]     BOCC did agree to withdraw some of the designated testimony from each deposition and Plaintiff has now withdrawn several objections to the designations (as summarized below).

Plaintiff has not listed either of Billy's parents as trial witnesses, with good reason. They have virtually no pertinent information to offer at trial. Neither Heath Woods nor Ms. Mahler is a party to this action. Neither Heath Woods nor Ms. Mahler has brought or asserted any claim or cause of action related to Billy's death. Neither Heath Woods nor Ms. Mahler was present at the Muskogee County Regional Juvenile Detention Center (hereinafter, "JDC" or "the Facility") when Billy was housed there. Neither Heath Woods nor Ms. Mahler had any communication with Billy during the time that he was detained at the Facility. Neither Heath Woods nor Ms. Mahler provided any information to, nor had any contact with, the staff at the Facility. Neither Heath Woods nor Ms. Mahler know anything about the policies or customs in place at the Facility.

In sum, the testimony of Heath Woods and Ms. Mahler will not be helpful to the jury in deciding **any** of the relevant issues in this case. On the contrary, BOCC seeks to use wholly irrelevant information gleaned from the Heath Woods and Mahler depositions to prejudice Plaintiff, confuse the issues and inflame the jury. As the Court will quickly see when reviewing the transcripts, BOCC's deposition designations involve, almost exclusively, information regarding Heath Woods and Ms. Mahler's purported struggles with drug addiction, their criminal history, domestic disputes and allegations of abuse. There is largely hearsay information from unauthenticated court and Department of Human Services ("DHS") records, going back to Billy's early childhood, concerning alleged problems in the homes of both Heath Woods and Ms. Mahler. While many of the assertions of fact and allegations in these records can be reasonably disputed, Plaintiff concedes that Billy had a far less than ideal childhood and upbringing. After all, many, if not most, children who wind up in places like JDC come from troubled backgrounds. But this case is not about whether Heath Woods and Ms. Mahler are bad parents, drug addicts or otherwise bad people. This case is about whether Billy Woods suffered and died as a result of JDC staff's deliberate indifference to his substantial risk of suicide. The case is about whether there is a causal nexus between BOCC/MCCOYS policies or customs -- such as a failure to train or supervise -- and the deprivation of Billy's constitutional rights. BOCC should not be permitted to use the deposition testimony of Billy's parents to turn the trial into an unseemly sideshow focused on the "prior bad acts" of Heath Woods and Mahler.

Plaintiffs' objections to BOCC's deposition designations should be sustained.

<u>**Summary of Underlying Facts and Claims**</u>

The admissibility of the deposition designations at issue must -- obviously -- be determined in light of the underlying facts and pertinent claims and defenses. The underlying facts of this case are by now well documented and largely undisputed. Billy Woods needlessly died on December 15, 2016. He was just 16-years-old. Billy died alone in his room at the JDC after hanging himself with a bed sheet. This tragedy was eminently preventable. Billy's death was the proximate result of reckless neglect and deliberate indifference to his serious medical and mental health needs. During his short stay at JDC, Billy came into contact with numerous detention workers, including, most prominently, Shift Supervisor Jerrod Lang ("Lang"). Lang had numerous opportunities and a duty to help Billy. Yet, Lang could not be bothered to take the most minimal steps to address Billy's conspicuous and serious medical and mental health needs.

Indeed, Lang enhanced the risks to this vulnerable boy by humiliating and belittling him, only to later refuse to check on him for hours. And in a horrendous display of inhumanity, after Billy was found unresponsive in his room with the make-shift noose tied around his neck, Lang left Billy to go take an extended cigarette break. As valuable time was wasting, no one at the Facility attempted CPR, no one removed the noose from Billy's neck and no one called 911 (for 20 minutes). Rather, while an unconscious sixteen-year-old boy laid under a sink, Lang was puffing on a cigarette. A half an hour later, Billy was pronounced dead.

Lang could have -- easily -- saved Billy's life had he followed simple policies and procedures or shown him even a modicum of human decency. In fact, Joe Washington, the JDC Superintendent, admits, that had these policies been followed, Billy would still be alive. Washington Depo. (Dkt. #185-1) at 235:8-12; 235:25 – 236:3. Nevertheless, the training and supervision with respect to these policies was virtually nonexistent. Most pertinently, by failing to train the staff, including Lang, in recognizing signs and symptoms of suicidal ideation and in the suicide watch protocols, BOCC/MCCOYS truly sealed Billy's fate. Because the staff had no knowledge of the Facility's Suicide Prevention policy, it was eminently foreseeable that residents like Billy, at substantial risk of suicide, would not be placed on "suicide watch", would not be checked on every 5 minutes, would not be monitored through the intercom system and would not have the linens removed from their rooms.

Plaintiff's § 1983 claims are brought against BOCC under a municipal liability theory. In *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1977), and subsequent cases, the Supreme Court has consistently "required a plaintiff seeking to impose liability on a municipality under §

1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997).  In order to prevail, Plaintiff must ultimately establish a causal nexus between BOCC/MCCOYS policies or customs -- such as a failure to train or supervise -- and a deprivation of Billy's constitutional rights.

Usually, courts will not hold a municipality liable without proof of an "underlying constitutional violation by [one] of its officers." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002). Pretrial detainees, like Billy, who have not been convicted of a crime, have a constitutional right to medical and psychiatric care under the Due Process Clause of the Fourteenth Amendment with the standard for deliberate indifference at least as protective as the standard for convicted prisoners under the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979).

Claims arising from a failure to prevent inmate suicide "are considered and treated as claims based on the failure of jail officials to provide medical care for those in their custody." *Barrie v. Grand County, Utah*, 119 F.3d 862, 866 (10th Cir. 1997). Thus, a plaintiff bringing such a claim must prove that a jailer was "deliberately indifferent to a substantial risk of suicide." *Barrie*, 119 F.3d at 869 (internal quotation marks omitted).

The preceding is a basic summary of the relevant issues in this case. These issues form the rough boundaries of admissible evidence in this matter, including the designated deposition testimony.

## Discussion

### A.  BOCC Has Made No Showing that the Deponents are Unavailable to Testify Live at Trial

Rule 32(a)(3) of the Federal Rules of Civil Procedure provides that "[t]he deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: ... (A) that the witness is dead; (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition; (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment; (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or (E) on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used."  "The proponent of the deposition bears the burden of proving that it is admissible under Rule 32(a)." *Garcia-Martinez v. City & Cty. of Denver*,

392 F.3d 1187, 1191 (10th Cir. 2004). Here, BOCC has made no showing that Heath Woods, Ms. Mahler, Dr. Reames or Mr. Hough is unavailable to testify live at trial. Because BOCC has made no showing of unavailability, the depositions designations are objectionable in their entirety for failure to comply with Rule 32(a)(3) as well as Federal Rule of Evidence 804. *See also Garcia-Martinez,* 392 F.3d at 1192 ("Rule 804(b)(1) permits a party to admit testimony by deposition as an exception to the hearsay rule when the declarant is 'unavailable as a witness.'").

**B.     Plaintiff's Evidentiary Objections to BOCC's Deposition Designations Should be Sustained**

**1.  The Depositions of Heath Woods and Ms. Mahler**

**a.  Summary of Plaintiff's Objections**

As discussed above (*See* Introduction and Background), Heath Woods and Ms. Mahler's deposition testimony contains virtually zero relevant information. Neither witness has any personal knowledge of the pertinent events in this case (*i.e.,* Billy's mistreatment and suicide at the Facility). Neither witness is a party to this case nor asserted any cause of action related to Bill's death. Primarily, the designated testimony of Heath Woods and Ms. Mahler consists of their "prior bad acts." Evidence of any criminal activities, or other "bad acts", allegedly committed by Billy's parents has no probative value whatsoever. *See* Fed. R. Ev. 401 (Defining relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence). Evidence concerning Heath Woods and Ms. Mahler's alleged "prior bad acts" will clearly not make the existence of any fact that is of consequence in this action more or less probable than it would be without the evidence. Thus, such evidence must be precluded under Fed. R. Ev. 402. *See also United States v. Ochoa,* 609 F.2d 198, 204 (5th Cir. 1980) ("Questions concerning the bad conduct of Cavazos' family and friend were not germane to any character testimony presented in her behalf.").

Even if testimony concerning Billy's parents', or Billy's, purported prior bad acts has *some* probative value, the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury .... " Fed. R. Ev. 403. In addition, the "prior bad acts" testimony is improper character evidence under Rule 404. The Tenth Circuit's decision in *Therrien v. Target Corp.,* 617 F.3d 1242 (10th Cir. 2010) is instructive on these points. The plaintiff in that case, Mr. Therrien, was stabbed when he tried to help apprehend a shoplifter at a Target store. He sued Target Corporation for negligently causing his injuries. The main issue of dispute

in the case revolved around Mr. Therrien's contact with a Target security guard on duty, "Mr. Pavey". Mr. Therrien testified that as he pursued the shoplifter to the vestibule, "I stood there for a couple of seconds ... and Mr. Pavey looked at me, I looked at him, and he said, 'I'm store security. Please help me.'" *Therrien*, 617 F.3d at 1246. Mr. Pavey denied asking for Mr. Therrien's help and testified that he had told Mr. Therrien to "back away." *Id.*

At trial, Target attempted to introduce evidence of the Mr. Therrien's "prior bad acts", including (1) a 14–year–old felony conviction for marijuana possession; (2) two protective orders entered against Mr. Therrien in 1999, on behalf of his sister and brother-in-law; (3) a protective order entered against Mr. Therrien in 2004, on behalf of his ex-wife and issued in response to an assault allegation; (4) Mr. Therrien's 2007 no-contest plea to a charge of misdemeanor assault; and (5) two charges that he violated the 2004 protective order by attempting to speak to his son and calling his ex-wife. Target argued that Mr. Therrien's "run-ins with the law demonstrate[d] a propensity to act unreasonably and contrary to authority—precisely the circumstance of Therrien's conduct in relation to Target in the case." *Therrien*, 617 F.3d at 1257 (internal quotations omitted). The Tenth Circuit found the "prior bad acts" material to be inadmissible character evidence and unduly prejudicial under Rule 403. In so holding, the *Therrien* Court reasoned:

> The evidence that Target wished to offer was, at best, minimally probative of whether Mr. Therrien would act unreasonably in response to Pavey's struggle with the shoplifter. And if not character evidence offered to prove conduct in conformity with that character, the evidence was closely akin to it. ***Most importantly, the evidence could be unfairly prejudicial by causing the jury to reject Mr. Therrien's claim on the ground that he was a bad person.***

*Id.* (emphasis added).

Here, on balance, the designated deposition testimony of Heath Woods and Ms. Mahler is far more offensive to Rules 403 and 404 than the evidence at issue in *Therrien*. The testimony, whether involving Billy or his parents, has no probative value to begin with, is "unfairly prejudicial" and calculated to cause the jury to reject Plaintiff's claims on the ground that Billy and/or his parents are "bad" people.

**b. Objections to the Heath Woods Deposition Designations**

| Designation(s) Page:Line | Topic/Summary of Testimony | Pls' Objection(s) |
| --- | --- | --- |
| | | |

| | | |
|---|---|---|
| 9:8-13 | Relationship "problems" between Billy's parents. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 10:8-15 | Designation withdrawn by BOCC. | |
| 11:15 – 12:5 | Allegations that Billy's mother "kidnapped" him when he was a young boy and took him to Kentucky. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 13:2-22 | In 2002, Heath Woods regained custody of Billy from Ms. Mahler through a Kentucky court. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 14:22 – 16:8[2] | Ms. Mahler "doing drugs"/"meth". Ms. Mahler's supervised visitation of Billy when he was five or six years old. Heath Woods' use of "meth". | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 19:8-10, 21-25 | | Objection withdrawn |
| 21:6-8, 15-25 | Introduction of "Exhibit 6", a 2011 "motion to modify" child support filed by Ms. Mahler. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 22:1-23:12 | 2011 "motion to modify" child support filed by Ms. Mahler. Allegations that Heath Woods threatened Billy and that his wife physically abused Billy. DHS in the home because Woods spanked his child. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 23:13 – 24:8 | Designation withdrawn by BOCC. | |
| 24:9-23 | 2011 "motion to modify" child support filed by Ms. Mahler. Allegations that Billy was upset and emotionally unstable at the Woods home. Allegation that Billy saw his father use illegal drugs. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 26:5-14 | 2011 "motion to modify" child support filed by Ms. Mahler. Allegation that Billy threatened to commit suicide if he could not live with mother. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. |

[2]     Plaintiff has withdrawn the objection to Page 14:20-21.

| | | Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
|---|---|---|
| 27:11-14, 21-25 | Discussion of "Exhibit 7", a 2011 application for emergency custody order filed by Ms. Mahler and an attached purported "affidavit" of Billy Woods. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 28:7 – 29:3 | Purported "affidavit" of Billy Woods. Allegations of Heath Woods' domestic abuse of his wife, use of illegal drugs and stepmother being "abusive" to Billy. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 29:16-25 | Purported "affidavit" of Billy Woods. Allegations that stepmother made Billy look at pornography. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 30:1-13 | Purported "affidavit" of Billy Woods. Testimony that Billy saw pornography on a "PlayStation" at the Woods home. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 30:24 – 31:20 | Purported "affidavit" of Billy Woods. Allegation that Billy reported to a school counselor that he was "very depressed" and had suicidal thoughts. Allegation that Heath Woods was "never home". | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 32:10 – 33:8 | Purported "affidavit" of Billy Woods. Discussion of "fights" between Heath Woods and his wife. Allegation that Billy saw his father have sex with "other women". | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 33:14-18 | Designation withdrawn by BOCC. | |

| 34:2-8 | Designation withdrawn by BOCC. | |
|---|---|---|
| 34:8-20 | Purported "affidavit" of Billy Woods. Discussion of Billy seeing his father with a woman. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 35:3-8 | Designation withdrawn by BOCC. | |
| 35:9 – 36:19 | 2011 custody arrangement between Billy's parents. Alleged statements of Billy regarding custody. | Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. |
| 36:22 – 37:13 | Discussion of Exhibit "8", a 2012 motion to modify order of custody modification order. Questioning about drug use of Billy's parents. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 38:21 – 39:4 | Discussion of Exhibit "9", a 2013 arrest record of Ms. Mahler. Discussion of Billy being put in DHS custody. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 41:18-25 | Purported discussion with DHS about custody of Billy. | Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 43:8-22 | Discussion of mother's arrest and Billy being put into a "boot camp" at age 15. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 44:1-2 | Heath Woods speculating as to reason Billy put in boot camp. | No personal knowledge. FRE 602. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 44:17 – 45:1 | Questions about Billy getting involved with a gang and wearing "certain colors" | No personal knowledge. FRE 602. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |

| 45:7-11 | Questions about Billy writing lyrics about gangs. | No personal knowledge. FRE 602. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
|---|---|---|
| 46:19 – 47:1 | Discussion of Mahler being arrested for drug use and Billy going to "Tulsa Detention Center" | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 47:10-19 | Questions of Mahler being arrested for meth use in 2015. | No personal knowledge. FRE 602. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 48:1-8 | Discussion of Exhibit "18", a "protective order" purportedly filed by Mahler against Heath Woods. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 48:19 – 49:25 | "Protective order" purportedly filed by Mahler against Heath Woods. Allegations that Heath Woods "rubbed genitals" on woman in Dollar General Store. Discussion of 2015 sexual indecency charge against Heath Woods. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 50:1 – 52:7 | Discussion of sexual indecency case and plea; allegations of sexual abuse of Heath Woods' stepdaughter. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 53:10-15 | Discussion of Heath Woods' sexual indecency case and plea. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 54:1-5 | Discussion of Heath Woods' sexual indecency case and custody of Billy. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 54:17-22 | "Protective order" purportedly filed by Mahler against Heath Woods. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. |

| | | Improper character evidence. FRE 404. |
|---|---|---|
| 55:4-25 | Discussion of Heath Woods' sexual indecency case and talk with Billy. | Irrelevant. FRE 401, 402. Hearsay without exception. Rule 801 and 802. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 56:9-11 | Question calling for speculation of Billy's state of mind about sexual indecency case. | No personal knowledge. FRE 602. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 56:16-20 | | Objection withdrawn |
| 56:21 – 57:25 | Discussion of investigation of allegation that Heath Woods sexually abused stepdaughter and Billy in DHS custody in 2015. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 58:13 – 59:9 | Discussion of investigation of allegation that Heath Woods sexually abused stepdaughter and custody of Billy in Arkansas. Discussion of Billy's juvenile arrest record. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 59:17 – 61:25 | Discussion of Exhibit "23", a police report describing an incident where Billy allegedly pulled out a knife and Heath Woods called the police and Billy was arrested and detained. | Police report is hearsay. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 62:1 – 63:17 | Discussion of Billy's emotional problems and detention; custody with Mahler. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 63:18 – 64:2 | Designation withdrawn by BOCC. | |
| 64:3-6 | Discussion of Billy going "AWOL" from his mother's house. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. |
| 65:7-18 | Discussion of Billy leaving his mother's house and not communicating with Heath. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. |
| 81:24 – 82:7 | Heath's "meth use" and rehab. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 85:11-16 | BOCC's knowledge of Billy Woods/problems at the Facility. | No personal knowledge. FRE 602. Heath Woods' lack of knowledge as to BOCC state of mind and operations is utterly immaterial. |

| 85:22 – 86:4 | BOCC's knowledge of Billy Woods/problems at the Facility. | No personal knowledge. FRE 602. Heath Woods' lack of knowledge as to BOCC state of mind and operations is utterly immaterial. |
|---|---|---|
| 87:11 – 88:5 | Designation withdrawn by BOCC. | |
| 88:10-13 | Mahler's "meth" use. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 89:23 – 90:24 | 2005 custody hearing and Mahler not showing up. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 92:4 – 94:7 | Arguments between Heath and Mahler regrading discipline of Billy. More discussion of Billy's purported affidavit from custody proceeding. | Improper form (narrative and compound questions). Irrelevant. FRE 401, 402. Hearsay without exception. Rule 801 and 802. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 94:8-15 | Designation withdrawn by BOCC. | |
| 95:8-23 | Designation withdrawn by BOCC. | |
| 96:10-22 | DHS at the Woods home. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 96:23 – 97:5 | | Objection withdrawn |
| 97:9-25 | The alleged Billy Woods "knife" incident and custody issues. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 98:4-99:18 | Billy's juvenile arrest record. | Improper form (narrative and compound questions). Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 101:19 – 102:15 | Billy and Mahler's alleged involvement with gangs. Custody issues. | Improper form (narrative and compound questions). No personal knowledge. FRE 602. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 103:10 – 104:20 | Billy's alleged drug use and gang affiliation. | No personal knowledge. FRE 602. Irrelevant. FRE 401, 402. |

|  |  | Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
|---|---|---|
| 105:21-24 | Mahler in jail at the time of Billy's death. | No personal knowledge. FRE 602. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 109:16-21 | Designation withdrawn by BOCC | |

### c.  Objections to the Samantha Mahler Deposition Designations

| Designation(s) Page:Line | Topic/Summary of Testimony | Pls' Objection(s) |
|---|---|---|
| 8:9-16 | Designation withdrawn by BOCC | |
| 8:23-9:5 | Designation withdrawn by BOCC | |
| 10:15 – 11:3 | | Objection withdrawn |
| 11:8-9 | | Objection withdrawn |
| 11:10-17 | Designation withdrawn by BOCC | |
| 12:3-13 | Designation withdrawn by BOCC | |
| 13:20-21 | Designation withdrawn by BOCC | |
| 16:3-7 | Separation of Heath Woods and Marlar. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. |
| 16:12-24 | Purported reasons for Separation of Heath Woods and Marlar. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 17:21 | Allegation that Heath Woods "hit" Mahler. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 18:1-6 | Allegation that Heath Woods "hit" Mahler more than once. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 18:12-22 | Allegation that Heath Woods "hit" Mahler and police called. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 19:9-9 | Allegation of Heath Woods' use of drugs. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |

13

| 19:13 – 20:2 | Drug use of Heath Woods and Mahler, including meth. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
|---|---|---|
| 20:16-20 | Separations of Heath Woods and Marlar. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 21:5 – 22:4 | Separations of Heath Woods and Marlar and Mahler and Billy's move to Kentucky. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 22:7-21 | Introduction of "Exhibit 1", a 2012 "petition for protective order" filed by Mahler against Heath Woods. Allegation that Heath Woods fought with Mahler while she was holding infant Billy. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 23:7-20 | Introduction of "Exhibit 2", a 2012 "petition for child custody" filed by Mahler against Heath Woods. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 24:1-3 | Mahler leaving home. | Irrelevant. FRE 401, 402. |
| 24:12-18 | Designation withdrawn by BOCC | |
| 24:20 – 25:11 | Drug use of Heath Woods and Mahler, including meth. Speculation about Heat Woods selling drugs. | No personal knowledge that Woods sold drugs. FRE 602. Also, Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 27:14-24 | Designation withdrawn by BOCC | |
| 27:25 – 28:1 | | Objection withdrawn |
| 28:13 – 29:6 | Allegation of Heath Woods' threats and abuse. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 31:4 – 33:6 | Allegations that Billy's mother "kidnapped" him when he was a young boy and took him to Kentucky. Heath Woods regained custody of Billy from Ms. Mahler through a Kentucky court. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |

| | Allegation that Heath Woods hit Mahler in front of Billy. | |
|---|---|---|
| 33:17-25 | Mahler arrested in Kentucky; young Billy taken from her. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 34:4 – 35:6 | Mahler in Kentucky jail for charge of "kidnapping" Billy. Warrant in Oklahoma. Supervised visitation. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 36:5-20 | Visitation and custody issues. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 38:6-11 | | Objection withdrawn |
| 38:25 – 39:5 | | Objection withdrawn |
| 38:15 – 40:2 | Discussion of "Exhibit 3", a paternity judgment. Mahler awarded custody in 2005. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. |
| 44:10 – 45:10 | Discussion of "Exhibit 4", a 2005 motion to modify filed by Heath Woods against Mahler. Allegations that Mahler was not caring for Billy. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 45:24 – 46:18 | 2005 motion to modify filed by Heath Woods against Mahler. Allegations Billy was not attending school. Discussion that Mahler was "depressed". | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 46:19 – 50:1 | Designation withdrawn by BOCC | |
| 47:2 – 49:24 | 2005 motion to modify filed by Heath Woods against Mahler. Allegations of Mahler's drug use, anger and weight loss. Mahler hospitalization. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 49:25 – 50:23 | Discussion of "Exhibit 5", a 2005 order of modification. Sole custody given to Heath Woods. Supervised visitation for Mahler. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. |

| | | Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
|---|---|---|
| 50:24 – 51:13 | Designation withdrawn by BOCC | |
| 51:14-25 | Heath Woods given custody; Mahler's drug use. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 53:18 – 54:8 | Mahler's visitation. | Irrelevant. FRE 401, 402. |
| 54:9-11 | Designation withdrawn by BOCC | |
| 55:9-25 | Designation withdrawn by BOCC | |
| 57:5 – 58:2 | Questions asking Mahler to speculate as to whether Billy needed counseling, was "troubled" or had thoughts of "self-harm" when Heath Woods had custody. Discussion of a young Billy hitting another child. | No personal knowledge. FRE 602. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 58:7-13 | Mahler's use of drugs. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 59:1 – 60:19 | Mahler's use of drugs, including "meth". | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 60:20 – 62:2 | Designation withdrawn by BOCC | |
| 63:18 – 64:6 | Designation withdrawn by BOCC | |
| 64:21 – 65:18 | Designation withdrawn by BOCC | |
| 67:10-19 | Introduction of "Exhibit 6", a 2011 "motion to modify" child custody filed by Ms. Mahler. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 68:9 – 69:25 | 2011 "motion to modify" child custody filed by Ms. Mahler. Allegations that Heath Woods threatened, spanked and "beat" Billy. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. No personal knowledge. FRE 602. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 70:5 – 71:1. | 2011 "motion to modify" filed by Ms. Mahler. Allegations that Heath Woods' | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. No |

| | | |
|---|---|---|
| | wife physically abused Billy. Allegations Heath Woods hit Billy. | personal knowledge. FRE 602. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 71:5-8 | Question as to whether Mahler "confronted" Heath's wife. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. |
| 71:14 – 72:1 | Numerous hearsay statements attributed to Billy re. "fearing" his father and father's drug use. | Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 72:5 – 73:3 | 2011 "motion to modify" filed by Ms. Mahler. Allegations that stepmother made Billy look at pornography. Allegation that Billy threatened to commit suicide if he could not live with mother. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. No personal knowledge. FRE 602. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 73:15 – 74:23 | A number of purported hearsay statements Billy made to Mahler that led Mahler to think Billy might hurt his father. Mahler's testimony, of which she has no personal knowledge, that Heath Wood's home was "harmful" and "bad". More mention of drugs and pornography. | Hearsay without exception. Rule 801 and 802. No personal knowledge. FRE 602. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 75:5 – 76:22 | Purported "affidavit" of Billy Woods. Allegations of Heath Woods' domestic abuse of his wife, use of illegal drugs and stepmother being "abusive" to Billy. Allegations that stepmother made Billy look at pornography. | Cumulative. Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 76:23 – 77:16 | Designation Withdrawn | |
| 77:17 – 78:5 | Purported "affidavit" of Billy Woods. DHS allegations of sexual abuse. | Cumulative. Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No knowledge. FRE 602. |
| 79:3-22 | DHS allegations of sexual abuse by Heath. | Cumulative. Document not authenticated. FRE 901. Hearsay |

| | | without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No knowledge. FRE 602. |
|---|---|---|
| 80:10 – 81:23 | Purported "affidavit" of Billy Woods. Allegations of sexual misconduct of Heath. | Cumulative. Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 82:21 – 83:1 | Custody issues | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No knowledge. FRE 602. |
| 83:24 – 84:12 | Custody issues | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 88:12-15 | Withdrawn | |
| 89:14-18 | Withdrawn | |
| 90:6 – 91:14 | Mahler meth arrest | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 92:3 – 93:25 | Mahler meth arrest. Custody issues. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 94:1-10 | Mahler meth arrest and detention. Custody issues. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 94:22 – 95:14 | Mahler meth arrest and detention. Custody issues. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 96:11 - 25 | Order of deferment. Mahler meth arrest and detention. Custody issues | Cumulative. Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. |

| | | |
|---|---|---|
| | | Improper character evidence. FRE 404. |
| 97:6-13 | Custody issues | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 98:10-12 | | Objection withdrawn |
| 98:23 – 101:2 | Billy in "boot camp" at age 15 | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 101:12-15 | "Child welfare" document | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 102:15 – 103:23 | "Child welfare" document, Mahler meth arrest, custody issues | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 104:10 – 105:22 | Boot camp and Billy's rap lyrics, speculation about Billy's involvement with gangs | Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. |
| 106:6-22 | Billy's alleged involvement with gangs | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. |
| 107:4-14 | Billy's alleged involvement with gangs | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. |
| 108:11-24 | Billy's "violent" rap lyrics and transfer to Tulsa Juvenile Center | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. Hearsay. FRE 801; 802. |

19

| 109:2 – 110:18 | Billy's violent "literature" and rap lyrics, and removal from boot camp | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. Hearsay. FRE 801; 802. |
|---|---|---|
| 111:1-8 | Billy's "violent" rap lyrics | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. Hearsay. FRE 801; 802. |
| 111:18 – 113:25 | A "delinquent petition" regrading Billy not attending school, violating curfew and court order; boot camp; custody issues | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. |
| 114:1 - 115:25 | Billy at Tulsa Detention Center; custody issues, Mahler meth arrest | Cumulative evidence. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. |
| 116:1 – 117:10 | Mahler meth arrest and detention | Cumulative evidence. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 117:18 – 118:4 | Mahler meth arrest and detention | Cumulative evidence. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 118:17-24 | Mahler release from jail and custody issues | Cumulative evidence. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 120:5-10 | Mahler release from jail and custody issues | Cumulative evidence. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 120:18-22 | Custody and visitation | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. |

| | | |
|---|---|---|
| | | Improper character evidence. FRE 404. |
| 121:8-18 | Billy's purported negative statements about his father | Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 121:23 – 122:10 | 2015 Petition for Protective Order | Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 122:19 – 124:1 | 2015 Petition for Protective Order. Heath Woods arrest for alleged sexual misconduct. | Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. |
| 124:11-25 | 2015 Petition for Protective Order. Heath Woods arrest for alleged sexual misconduct. | Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. |
| 125:7-22 | Purported hearsay statements from Billy about Heath Woods molesting his sisters | Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. |
| 126:21 – 127:24 | Heath Woods alleged sexual misconduct; DHS; custody issues | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 128:3-6 | Protective Order denied | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. |
| 129:4-21 | Rogers county "notes" and incident where Billy pulled over in a truck | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. |
| 130:13 – 131:21 | Police report. Allegations that Billy involved with burglary. | Document not authenticated. FRE 901. Hearsay without |

| | | exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
|---|---|---|
| 132:24 – 133:5 | Billy released to Heath Woods custody | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 133:16 – 134:10 | Discussion of Exhibit "23", a police report describing an incident where Billy allegedly pulled out a knife and Heath Woods called the police and Billy was arrested and detained. | Police report is hearsay. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. |
| 134:14-19 | Billy's hearsay statements about fights with father. Custody with Mahler. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. Hearsay. FRE 801;802. |
| 134:24 – 135:24 | Billy's hearsay account of "knife" incident. Billy on probation. | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. Hearsay. Rule 801;802. |
| 136:13-19 | Withdrawn | |
| 136:20 – 137:10 | Questions about drugs and custody | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 137:15-25 | OAJ AWOL alert document. | Document not authenticated. FRE 901. Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 138:1 – 141:19 | Billy "running away"/AWOL; case worker evaluation document; alleged shoplifting | Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. |
| 143:4-25 | Hearsay statements about Billy being AWOL, drug use | Hearsay without exception. Rule 801 and 802. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |

| 144:16 – 145:18 | Mahler arrest in 2016 for drug paraphernalia in Stephens County | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
|---|---|---|
| 155:19 – 156:8 | Mahler sentencing and felony conviction information | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 158:9-23 | Mahler in jail and plans for drug rehab | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 159:9-15 | Mahler Stephens County guilty plea | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 164:20 – 165:5 | 2012 custody order and speculation that Heath Woods was "harming" Billy | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. No personal knowledge. FRE 602. |
| 166:13-20 | Mahler rehab plans | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 167:7 – 168:5 | Absurd questions about Mahler's lack of knowledge of BOCC and Facility operations | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. |
| 168:16 – 172:21 | Questions covering inadmissible areas of inquiry that have been asked and answered numerous times | Cumulative evidence. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 173:5-23 | Questions covering inadmissible areas of inquiry that have been asked and answered numerous times | Cumulative evidence. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 174:4-10 | Mahler in jail on meth charges when Billy died | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 175:16 – 176:8 | Questions covering inadmissible areas of inquiry that have been asked and answered numerous times | Cumulative evidence. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. |

| | | Improper character evidence. FRE 404. |
|---|---|---|
| 182:18 – 183:14 | Mahler on probation and "meth registry" | Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 187:13 – 188:12 | | Objection withdrawn |
| 188:13-15 | Mahler Stephens County arrest | Cumulative evidence. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 190:22-24 | | Objection withdrawn |
| 191:5-22 | Questions covering inadmissible areas of inquiry that have been asked and answered numerous times | Cumulative evidence. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |
| 193:10 – 194:4 | Withdrawn | |
| 194:14 – 195:18 | Questions covering inadmissible areas of inquiry that have been asked and answered numerous times | Cumulative evidence. Irrelevant. FRE 401, 402. Unfairly prejudicial, etc. FRE 403. Improper character evidence. FRE 404. |

## 2. Expert Depositions

### a. Plaintiff's Objections to Dr. Reames Deposition Designations

| Designation(s)<br><br>Page:Line | Topic/Summary of Testimony | Pls' Objection(s) |
|---|---|---|
| 6:18 – 7:1-4 | | Objection Withdrawn |
| 8:17 – 9:6 | Counsel giving a speech about facts not in evidence | Form – Leading. |
| 9:8-17 | Billy Woods found dead | Form – Leading, compound. |
| 9:18 – 10:9 | Opinion on whether Woods could be resuscitated | Expert not qualified to offer this opinion / outside area of expertise. FRE 702. Probative value outweighed by prejudicial effect. FRE 703. |
| 10:25 – 11:4 | Brandt Hiler video and hearsay | Leading. |
| 11:14 – 12:3 | Brandt Hiler video and hearsay | Hearsay without exception. FRE 801, 802. |
| 12:16 – 13:7 | Time of death | Outside the scope of expert report. |

| 15:23 – 16:17 | Heart beat after death? | Calls for speculation. FRE 602. Outside the scope of expert report. |
|---|---|---|
| 17:13-24 | Police report | Improper basis of expert opinion. FRE 703. Hearsay without exception. FRE 801, 802. |
| 17:25 – 18:1 | Brandt Hiler video and hearsay | Hearsay without exception. FRE 801, 802. |
| 19:1-15 | Hanging and time of death | Form –Compound. |
| 20:7-20 | Hanging and time of death | Calls for speculation. FRE 602. Outside the scope of expert report. |
| 20:21-25 | Resucitation | Calls for speculation. FRE 602. |
| 21:1-5 | Lang failure to do CPR | Form – Leading. |
| 21:7-15 | Lang failure to do CPR | Calls for speculation. FRE 602. |
| 23:8-17 | | Objection Withdrawn |
| 23:23 –24:6 | Suicide risk | Form – Leading. |
| 24:8-19 | Suicide risk | Irrelevant. FRE 401, 402, 403. |
| 24:20 – 25:5 | MCCOYS policies | Form – Leading. Calls for speculation. FRE 602. Expert not qualified to offer this opinion / outside area of expertise. FRE 702. |

## b. Plaintiff's Objections to Hough Deposition Designations

| Designation(s)<br><br>Page:Line | Topic/Summary of Testimony | Pls' Objection(s) |
|---|---|---|
| 19:23 | | Objection Withdrawn |
| 20:11-16 | Other juvenile detention centers have room checks that are greater than 15 minutes. | Form |
| 27:4-7 | Staffing standard for MJDC adequate based on standard in industry | Form |
| 29:1 | | Objection Withdrawn |
| 30:18 | | Objection Withdrawn |
| 33:22-23 | | Objection Withdrawn |
| 39:6-11 | If 20% of population has had suicidal ideations, is it good policy to have 15-minute checks for all inmates | Form |
| 40:13-17 | Should Billy have been put on 5-minute watch after telling Lang he had attempted suicide one month prior | Form |

| 44:23 | | Objection Withdrawn |
|---|---|---|
| 55:13-55 | MCCOYS governing authority | Form; leading; beyond scope of report |
| 57:25 – 58:4 | Reasonability of BOCC to rely on inspections done by OPI | Beyond the scope of the report |
| 59:9-11 | OPI's yearly inspections of the MJDC | Form; beyond scope of the report |
| 62:15-18 | OPI inspections only cover half of each year | Form; beyond scope of the report |
| 64:7-12 | Complaints to BOCC re: MJDC prior to Billy's death | Form |
| 66:24 – 67:6 | Should OPI inspections from 2012-2016 have put BOCC on notice of any issues at the MJDC | Beyond the scope of the report |
| 69:23 – 69:23 | Value of OPI inspections for an expert in determining adequacy of policies and procedures/training/staffing of juvenile detention center | Nonresponsive; beyond the scope of the report |
| 70:3-13 | Was BOCC deliberately indifferent | Calls for legal conclusion; beyond the scope of the report |
| 75:23 – 76:1 | Reasonability of BOCC to rely on OJA and OPI | Beyond the scope of the report |
| 84:12-18 | Expert's first aid and CPR training compared to that described in MCCOYS' policy manual | Form |
| 94:25 – 95:5 | Brandon Miller signed off that he had completed training before his actual first day of work. | Form; argumentative |
| 100:25 – 101:5 | OPI's inspections re: MCCOYS' employees' personnel files | Beyond the scope of the report |
| 103:11-15 | Dr. Hough's Expert Report | Hearsay |
| 104:21-25 | Sections 3-11 of Expert Report | Leading question |
| 172:12-14 | Whether Lang had MCCOYS' handbook at home to read | Form |

Respectfully,

/s/ Robert M. Blakemore
Daniel Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
Smolen & Roytman
701 South Cincinnati Avenue

Tulsa, OK 74119
Phone: (918) 585-2667
Fax:    (918) 585-2669

**_Attorneys for Plaintiff_**


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 17th day of April 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/ Robert M. Blakemore