IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUSTIN P. BOND, as Special Administrator of the Estate of BILLY WOODS, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br><br>BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY, OKLAHOMA,<br><br>Defendant. | Case No.: 18-CV-108-RAW |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S BRIEF REGARDING EVIDENCE OF FORMER
DEFENDANTS' SETTLEMENTS WITH PLAINTIFF (DKT. #275)**

**COMES NOW**, the Plaintiff, Austin P. Bond, as Special Administrator for the Estate of Billy Woods ("Woods" or "Billy"), and respectfully submits his Response in Opposition to Defendant Board of County Commissioners of Muskogee County's ("BOCC") "Brief Regarding Admitting the Fact of Former Codefendants' Settlement with Plaintiff at Trial" (Dkt. #275), as follows:

**Introductory Statement**

In pertinent part, Federal Rule of Evidence 408 reads as follows:

(a) Prohibited Uses. Evidence of the following is ***not admissible***—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

(1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
....
(b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

1

Fed. R. Ev. 408 (emphasis added). "Rule 408 is merely an exclusionary rule, not one providing for the admission of evidence"; thus, even if one of the exceptions applies, "the district court may still exclude [settlement] evidence under Federal Rule of Evidence 403 if the danger of unfair prejudice substantially outweighs the relevance of the evidence." *Wallis v. Carco Carriage Corp.*, 124 F.3d 218, 1997 WL 580498, at *6 (10th Cir. 1997).

As part of their "Brief" on the subject, BOCC argues that it should be permitted to "introduce the fact of Plaintiff's settlement with the [BOCC's] previous codefendants for the limited purpose of preventing jury confusion and speculation, and if necessary, to show the (previous) codefendant-witnesses' bias." Brief at 2. Minimal analysis of BOCC's position reveals that its intended use of the settlement evidence runs afoul of Rule 408. Indeed, BOCC expressly admits that it plans to use the settlement evidence to establish ***"the fault of its former codefendants."*** Brief at 9 (emphasis added). This is clearly prohibited by Rule 408. Moreover, even assuming that BOCC could satisfy one of the Rule 408(b) "exceptions", the settlement evidence must still be excluded under Rule 403, as its probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff and jury confusion.

In sum, the Court should exclude all evidence of Plaintiff's settlements with BOCC's former co-defendants.

## Discussion

**PROPOSITION: Evidence and Argument Concerning the Former Defendants' Settlements with Plaintiff Should be Excluded**

Breaking down BOCC's arguments, it proposes two primary uses of settlement evidence at trial: **(A)** BOCC asserts that it should be permitted to introduce evidence of the settlements to "explain" the settling defendants' "absence at trial thus preventing the jury's confusion and speculation, and to further assist the jury in understanding this case" (Brief at 7); and **(B)** BOCC

2

avers that "in the event former codefendants/witnesses are biased towards Plaintiff and/or uncooperative on the stand, the fact of Plaintiff's settlement with said biased codefendant/witness would help prove said bias." *Id.* at 11. Both of these arguments are easily dispensed with.

**First**, and fundamentally, BOCC's proposed use of the settlement evidence is a thinly veiled, and improper, attempt to establish the settling defendants' liability. On one hand, BOCC assures the Court that it "does not intend to use the fact of Plaintiff's settlement with its codefendants to establish their liability or disprove Plaintiff's claims." Brief at 9. At the same time, BOCC asserts that it should be permitted to introduce settlement evidence to establish "that any violations of Decedent's constitutional rights were not caused by any policy, procedure, or custom of Defendant Board but ***were***, instead, ***the fault of its former codefendants.***" *Id.* (emphasis added). Such a use of settlement evidence is clearly prohibited by the plain language of Rule 408. *See, e.g., Wallis v. Carco Carriage Corp.,* 124 F.3d 218, 1997 WL 580498, at *7 (10th Cir. 1997) ("The language of Rule 408 is clear: settlement agreements are not admissible to prove liability. Thus, the district court did not abuse its discretion in refusing to admit evidence of the settlement agreement to prove the liability of the settling defendants.").[1] While BOCC is certainly permitted to argue -- and put on evidence -- at trial that MCCOYS, the State of Oklahoma, Steven Buck, Jerrod Lang, Angela Miller, Brandon Miller and Marietta Winkle were responsible for Billy Wood's suffering and death, they may not do so through evidence of any settlement with Plaintiff. BOCC's intended use of the settlement evidence -- to establish the liability of the former Defendants -- is plainly barred by Rule 408. *See, e.g., Wallis*, 1997 WL 580498, at *7; *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 714 (10th Cir. 2008).

---

[1] It is odd that BOCC relies on the *Wallis* decision, as it actually cuts against its arguments. The *Wallis* Court *upheld* a district court's *refusal to admit evidence of a settlement agreement* between the plaintiffs in that case and two former defendants. *See Wallis,* 1997 WL 580498, at *6.

3

**Second,** BOCC has failed to articulate any potential "bias" of the former Defendants sufficient to open the door to settlement evidence. BOCC's vague and uncertain statement regarding bias -- i.e., "in the event former codefendants/witnesses are biased towards Plaintiff and/or uncooperative on the stand, the fact of Plaintiff's settlement with said biased codefendant/witness would help prove said bias" -- is insufficient. A more specific assertion of bias is required to invoke the Rule 408(b) exception. For instance, in *Wallis,* the Tenth Circuit rejected the defendant's "bias" argument for failure "to explain how it would have impeached any witness with the settlement agreement." *Wallis*, 1997 WL 580498, at *6. *See also Ares-Perez v. Caribe Physicians Plaza Corp.,* 261 F. Supp. 3d 265, 271–72 (D.P.R. 2017) ("Defendants have not convincingly argued any potential bias from Dr. Rosario. The fact that he reached the agreement and no longer works for Defendants is insufficient to infer that he may be biased or would tend to offer biased testimony against them, as they have failed to argue what he may have to gain or lose from the outcome of this case."). Further, considering BOCC's stated intent to use the settlement evidence to establish "the fault of its former codefendants", the Court should guard against BOCC camouflaging evidence of bias with causation evidence. *See, e.g., McInnis v. A.M.F., Inc.,* 765 F.2d 240, 248 (1st Cir. 1985) ("the defendants have argued that they introduced the release to attack McInnis' credibility rather than to disprove causation. Although this contention may have some superficial appeal, we see it as an attempt to obfuscate the critical issue. ... Such "impeachment" evidence is simply camouflaged causation evidence. ... This clearly flouts the most basic policies underlying Rule 408."). BOCC's cryptic "bias" argument lacks merit.

**Third,** in making its "absence at trial" argument, BOCC fails to account for the nature of the claims brought by Plaintiff in this case. Plaintiff's claims against BOCC are brought, pursuant to 42 U.S.C. § 1983, under a municipal liability theory. As the Tenth Circuit recently observed, when bringing a municipal liability claim, "'the plaintiff ***need not sue the individual***

4

***tortfeasors at all,*** but may proceed ***solely against the municipality.'"*** *Burke v. Regalado,* 935 F.3d 960, 1010 (10th Cir. 2019) (quoting *Askins v. Doe No. 1,* 727 F.3d 248, 253 (2d Cir. 2013); and citing *Davis v. Samuels,* 608 F. App'x 46, 48 (3d Cir. 2015) (evaluating a supervisor's liability where the plaintiff did not name any of the subordinates "directly responsible for the acts described in his claim" in his complaint); *Geter v. Wille,* 846 F.2d 1352, 1354 (11th Cir. 1988) (evaluating municipality's liability where plaintiff did not sue any individual subordinates)). Because Plaintiff could have proceeded solely against BOCC, without *ever* having sued the individuals "directly responsible" for the violation of Billy Woods' Constitutional rights,[2] evidence that the "individual tortfeasors" settled is not relevant, and thus, inadmissible under Rules 401 and 402. The "absence" of Jerrod Lang, Angela Miller, Brandon Miller and Marietta Winkle -- as named Defendants in this matter -- is immaterial as a matter of law. The "underlying" Constitutional violations committed by one or more of these former Defendants is a necessary element of Plaintiff's municipal liability theory against BOCC. *See, e.g., Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1317–18 (10th Cir. 2002). But, Lang, A. Miller, B. Miller and Winkle were *never* necessary parties. As such, it is axiomatic that evidence of the settlement with those individuals would not, and could not, prevent the "jury's confusion and speculation" or "further assist the jury in understanding this case."

**Lastly,** even assuming that BOCC establishes one of the Rule 408(b) exceptions applies, the proposed settlement evidence should *still* be excluded under Rule 403. The *Wallis* Court noted that "Rule 408 is merely an exclusionary rule, not one providing for the admission of evidence" and that "even if [defendant] sought to show bias or prejudice of a witness in introducing the settlement agreement, the district court may still exclude the evidence under Federal Rule of

---

[2]   The former Defendant "individual tortfeasors" are Jerrod Lang, Angela Miller, Brandon Miller and Marietta Winkle.

Evidence 403 if the danger of unfair prejudice substantially outweighs the relevance of the evidence." *Wallis*, 1997 WL 580498, at *6. "Federal Rule of Evidence 403 generally precludes the admission of settlement agreements, the fact of settlement and the terms of settlement on public policy and relevancy grounds because its 'minimal probative value is outweighed by the danger of unfair prejudice and misleading the jury.'" *Mavrinac v. Emergency Med. Ass'n. of Pittsburgh (EMAP)*, No. 04-CV-1880, 2007 WL 4190714, at *1–2 (W.D. Pa. Nov. 21, 2007) (quoting *Sweeten v. Layson's Home Improvements, Inc.,* No. CIV A 104-CV-2771, 2007 WL 1189359, at *3 (M.D. Pa. Apr. 19, 2007)). Here, the "minimal probative value" of the settlement evidence proposed by BOCC is "outweighed by the danger of unfair prejudice and misleading the jury."

WHEREFORE, premises considered, Plaintiff respectfully requests that the Court exclude the settlement evidence as proposed by Defendant BOCC.

Respectfully,

/s/ Robert M. Blakemore
Daniel Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone: (918) 585-2667
Fax:    (918) 585-266

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/ Robert M. Blakemore

6