**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) AUSTIN P. BOND, as Special Administrator of the Estate of BILLY WOODS, Deceased, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 18-CV-108-RAW |
| (1) MUSKOGEE COUNTY COUNCIL OF YOUTH SERVICES ("MCCOYS"), a Domestic Not-for-Profit Corporation, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT BOARD'S PROPOSED, AMENDED/SUPPLEMENTAL JURY INSTRUCTIONS

Defendant Board of County Commissioners of Muskogee County, Oklahoma, pursuant to Court Doc. 247, submits the following Proposed, Amended/Supplemental Summary Jury Trial Instructions. To the extent the following, proposed instructions, although not agreed to by Plaintiff's counsel, have not changed since the parties exchanged them per this Court's Order at Doc. 221, then Defendant will state so in the footnotes following that instruction. Similarly, where the instructions are wholly new or have been amended from those (not agreed to) and previously exchanged between the parties, Defendant will also state so in the footnotes following that the respective instruction.

Defense counsel has contacted Plaintiff's counsel regarding whether Plaintiff objects to any of the below, proposed supplemental/amended instructions. However, as of the date and time of this filing, Plaintiff's counsel has not yet indicated whether or not Plaintiff objects (or does not object) to any of the below instructions. However, these proposed instructions are being submitted to the Court at this date and time to ensure the Court has adequate time to review

same; should Plaintiff indicate he does, or does not, object to the below instructions, Defendant will notify the Court accordingly.

s/Taylor M. Riley
Andy A. Artus, OBA No. 16169
Jamison C. Whitson, OBA No. 18490
Taylor M. Riley, OBA No. 33291
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email:  aaa@czwlaw.com
          jcw@czwlaw.com
          tmr@czwlaw.com

*Attorneys for Defendant Board of Commissioners of Muskogee County, Oklahoma*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen, via electronic mail at: danielsmolen@ssrok.com
Robert M. Blakemore, via electronic mail at: bobblakemore@ssrok.com
Bryon D. Helm, via electronic mail at: bryonhelm@ssrok.com
701 South Cincinnati Avenue
Tulsa, OK 74119

-and-

Joel A. LaCourse, OBA No. 17082
Caleb Salmon
LaCourse Law, PLLC
715 S. Elgin Ave.
Tulsa, OK 74120
Telephone:    (918) 744-7100
Facsimile:    (918) 477-2299
Email:    Joel@lacourselaw.com

***Attorneys for Plaintiff***


s/ Taylor M. Riley
Taylor M. Riley

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __

## **QUESTIONS NOT EVIDENCE**[1]

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

AUTHORITY:          *Federal Jury Practice and Instructions*, 6th ed., § 103.34 (2015)

---

1 Previously submitted as Defendant's Proposed Instruction No. 8; has otherwise not been amended or changed since it was exchanged with Plaintiff's counsel.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __

## <u>CREDIBILITY OF WITNESSES</u>[2]

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

---

2 Previously submitted as Defendant's Proposed Instruction No. 11; has otherwise not been amended or changed since it was exchanged with Plaintiff's counsel.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**<u>IMPEACHMENT – INCONSISTENT STATEMENT</u>**[3]

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---

3 Previously submitted as Defendant's Proposed Instruction No. 14; has otherwise not been amended or changed since it was exchanged with Plaintiff's counsel.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**<u>DEPOSITION EVIDENCE</u>**[4]

During the trial, certain testimony has been presented by way of deposition. You are instructed that you are not to discount this testimony for the sole reason that it comes to you in the form of a deposition. It is entitled to the same consideration and the same judgment on your part with reference to its weight and credibility as is the testimony of witnesses who have taken the stand.

---

4 This is a new, proposed instruction.

**DEFENDANT'S PROPOSED (AMENDED) JURY INSTRUCTION NO. __**

**THE PARTIES**[5]

The Plaintiff in this case is Austin P. Bond. Mr. Bond is bringing suit as Special Administratrix on behalf of the Estate of Billy Woods ("Woods"), who is deceased. The Defendant in this case is the Board of County Commissioners of Muskogee County, Oklahoma. The Board of County Commissioners is entitled to the same fair and impartial treatment as an individual defendant would be entitled, regardless of its status as a governmental entity. You should decide this case as to the Board of County Commissioners with the same impartiality and fairness as you would use in deciding this case between individual people.

---

[5] Amended to reflect that Plaintiff's substituted party (Austin Bond) from the Parties' previously Agreed Jury Instruction No. 12, [Dkt. 224].

## DEFENDANT'S PROPOSED (AMENDED) JURY INSTRUCTION NO. __

## STATEMENT OF THE CASE[6]

On December 15, 2016, the Decedent, Billy Woods ("Woods"), committed suicide by hanging himself in his room while he was detained at the Muskogee County Regional Detention Center ("RJDC"). Plaintiff claims that detention officer on duty at that time, Jerrod Lang, was aware of a substantial risk that Woods would commit suicide and did nothing to prevent it, thereby violating Woods' federal constitutional rights. Plaintiff also claims that the detention officers on duty, Jerrod Lang, Angela Miller, Brandon Miller, and Marietta Winkle further violated Woods' federal constitutional rights by failing to immediately obtain medical care for Woods once he was discovered hanging in his room.

The detention officers, Jerrod Lang, Angela Miller, Brandon Miller, and Marietta Winkle, were employees of the Muskogee County Council of Youth Services ("MCCOYS"), a domestic not-for-profit corporation with whom the Board of County Commissioners contracted to operate the RJDC. According to Oklahoma law, boards of county commissioners in Oklahoma, such as Defendant Board, must provide for the temporary detention of juveniles who are or may be subject to secure detention through different options, such as renting space in a juvenile detention facility or, as Defendant Board did here by contracting with an agency such as MCCOYS to operate a juvenile detention facility.

Plaintiff claims that MCCOYS failed to adequately train and supervise these detention officers, and that it failed to adequately staff the RJDC, and that these alleged failures caused the alleged violation of Woods' constitutional rights. Plaintiff further claims that the Board of

---

6 Amended from Defendant's previously submitted Proposed Instruction No. 17, [Dkt. 225-2, pp. 3-4].

County Commissioners can be held liable for the alleged violation of Woods' constitutional rights because it failed to adequately supervise MCCOYS who was contracted to run RJDC.

The Defendant Board of County Commissioners contends MCCOYS operated RJDC, which included supervising and training MCCOYS' staff at RJDC. The Defendant Board of County Commissioners also contends that MCCOYS' policies, training, and supervision were adequate and did not cause any of the MCCOYS employees to act with deliberate indifference towards Woods. The Board further denies that it was deliberately indifferent with regard to its supervision of MCCOYS and was unaware of any problems with MCCOYS' training or supervision by MCCOYS of its employees, and denies that the alleged violations of Woods' federal constitutional rights were caused by inadequate staffing by MCCOYS of the RJDC.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**STATEMENT OF THE CASE – CAUTIONARY INSTRUCTION**[7]

The statement of the case simply defines the issues to be tried by you in this case, and the allegations or claims made therein do not constitute any evidence, nor do the statements or arguments of counsel, but you will only consider as evidence the testimony heard from the witness stand by the witnesses under oath, any exhibits which have been introduced and any stipulations made by counsel, and you will consider that evidence under the following instructions.

---

[7] Previously submitted as Defendant's Proposed Instruction No. 18; has otherwise not been amended or changed since it was exchanged with Plaintiff's counsel.

12

**DEFENDANT'S PROPOSED (AMENDED) JURY INSTRUCTION NO. __**

**42 U.S.C. § 1983 - CIVIL RIGHTS ACT**[8]

The Plaintiff is claiming damages under a federal statute, Title 42 U.S.C. § 1983, which is known as the Civil Rights Act. This Act provides that:

> [E]very person, who under the color of any statute, ordinance, regulation, custom or usage of any state...subjects or causes to be subjected any citizen of the United States...to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured...

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the Plaintiff in this case to enforce rights guaranteed under the federal Constitution by providing a remedy for individuals who have been deprived of their constitutional rights by officials acting under color of state law. Later in these instructions I will explain to you what federal constitutional rights are at issue in this case and what the Plaintiff must demonstrate to prove a violation of Woods' rights.

AUTHORITY:　　　42 U.S.C. § 1983; *Winton v. Bd of Comm 'rs of Tulsa County, Oklahoma*., 88 F.Supp.2d 1247, 1261 - 1262 (N.D.Okla. 2000)

---

[8] Amended from Defendant's previously submitted Proposed Instruction No. 19.

**DEFENDANT'S PROPOSED (AMENDED) JURY INSTRUCTION NO. __**

**"UNDER COLOR OF LAW" DEFINED**[9]

To prevail on his § 1983 claims, Plaintiff must establish that Woods' federal constitutional rights were violated by an individual acting under "color of state law." You are instructed that the parties have agreed and stipulated that MCCOYS' employees Jerrod Lang, Angela Miller, Brandon Miller, and Marietta Winkle acted under color of law in relation to Plaintiff's claims in this case.

However, just because it has been stipulated that these individuals acted under color of law, you are not required to also find they violated Woods' federal constitutional rights. Whether an individual acted under color of law and whether they violated constitutional rights are two separate issues.

AUTHORITY:     *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir. 1981); *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1237 (10th Cir. 1999); *Trujillo v. Goodman*, 825 F. 2d. 1453 (10th Cir. 1987); *Jojola v. Chavez*, 55 F.3d 488, 492-93 (10th Cir. 1995).

---

9 Previously submitted as Defendant's Proposed Instruction No. 20; has otherwise not been amended or changed since it was exchanged with Plaintiff's counsel.

14

**DEFENDANT'S PROPOSED (AMENDED) JURY INSTRUCTION NO. __**

**FEDERAL CONSTITUTIONAL RIGHTS AT ISSUE**[10]

Plaintiff alleges that Woods' constitutional right to be free from cruel and unusual punishment was violated. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Cruel and unusual punishment under the Eighth Amendment includes sufficiently imminent dangers as well as current unnecessary and wanton infliction of pain and suffering. The Constitution's prohibition of cruel and unusual punishment further prohibits deliberate indifference to an inmate's serious medical needs.

However, because Woods was being held on a warrant from Arkansas for a probation violation at the time of his alleged conduct in this case, his rights under the Eighth Amendment are not directly implicated. Rather, the pertinent federal constitutional provision applicable to the federal claims in this case is the Due Process Clause of the Fourteenth Amendment, through which the same Eighth Amendment standards are applied to non-convicted persons.

AUTHORITY:    Eighth Amendment to U.S. Constitution; Fourteenth Amendment to U.S. Constitution; *Federal Jury Practice and Instructions*, 6th ed., §166:10 (2015); *Ingraham v. Wright*, 430 U.S. 651, 672, n. 40, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); *Barrie v. Grand Cty., Utah*, 119 F. 3d 862, 867 (10th Cir. 1997).

---

10 Amended from Defendant's previously submitted Proposed Instruction No. 21.

**DEFENDANT'S PROPOSED (AMENDED) JURY INSTRUCTION NO. __**

**"UNDERLYING" CONSTITUTIONAL VIOLATION**
**BY AN AGENT, EMPLOYEE, OR OFFICER**[1]

Plaintiff's claims against the Defendant Board of County Commissioners are based upon principles of municipal liability. Governmental entities, such as the Defendant Board, may not be held liable without proof of an underlying constitutional violation by its agents or employees. Thus, Plaintiff must prove an "underlying" violation of Woods' constitutional rights by one or more agents or employees of Defendant Board of County Commissioners.

In this case, the detention officers, Jerrod Lang, Angela Miller, Brandon Miller, and Marietta Winkle, were acting as employees of MCCOYS. If you find that one of these MCCOYS employees did not violate Woods' federal constitutional rights, then you must return a verdict in favor of the Board.

However, even if you find that one of these MCCOYS' employees violated Woods' federal constitutional rights that alone is not sufficient to establish municipal liability on the part of Defendant Board. Rather, to establish such liability, Plaintiff must demonstrate, by a preponderance of the evidence, that the Board of County Commissioners itself affirmatively caused the individual MCCOYS' employee(s) to violate Woods' federal constitutional rights. Later in these instructions I will explain to you what the Plaintiff must demonstrate in order establish such municipal liability on the part of the Board of County Commissioners.

AUTHORITY:     *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Walker v. City of Orem*, 451 F.3d 1139, 1152 (10th Cir. 2006); *Livsey v. Salt Lake Cnty.*, 275 F.3d 952, 958 (10th Cir. 2001); *Monell v. New York City Dept. of Soc. Servs.*, 436

---

11 Amended from Defendant's previously submitted Proposed Instruction No. 22, [Dkt. 225-2, pp. 5-6].

U.S. 658, 694-95 (1978); *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986); *Bd. of Cty. Comm'rs of Bryant Cty., Okla. v. Brown*, 520 U.S. 397, 403 (1997); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821-22 (1985).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**<u>"UNDERLYING" CONSTITUTIONAL VIOLATION:</u>**
**<u>AGENT, EMPLOYEE, OR OFFICER DEFINED</u>**[12]

To prevail on her § 1983 claims against the Defendant Board of County Commissioners, Plaintiff must first establish, by a preponderance of the evidence, that Jerrod Lang, Angela Miller, Brandon Miller, Marietta Winkle, and/or MCCOYS were agents, employees, or officers of the Board of County Commissioners.

The relationship of agency is created from the conduct and/or agreement of the parties showing that one is willing for the other to act for him/her subject to his/her control and that the other consents to so act. An agency relationship may arise under such circumstances even when the parties may not have intended to create one. The person who acts for another is called the agent and the other is called the principal. An employee is a person who, by agreement with another called the employer, acts for the employer and is subject to his/her/its control. The agreement may be oral, or written, or implied from the conduct of the parties.

In this case, the detention officers, Jerrod Lang, Angela Miller, Brandon Miller, and Marietta Winkle, were acting as employees of MCCOYS. Accordingly, if you find that Jerrod Lang, Angela Miller, Brandon Miller, Marietta Winkle, and/or MCCOYS were not agents of the Board of County Commissioners, then you must return a verdict in favor of the Board.

AUTHORITY:    *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993); OUJI 6.2; OUJI 6.3.

---

12 This is a new, proposed instruction.

**DEFENDANT'S PROPOSED (AMENDED) JURY INSTRUCTION NO. __**

**"UNDERLYING" CONSTITUTIONAL STANDARD:**
**DELIBERATE INDIFFERENCE—SUICIDE/DENIAL OF MEDICAL CARE**[13]

In this case, Plaintiff claims that Jerrod Lang violated Woods' federal constitutional right to medical care because he failed to take action to prevent Woods from committing suicide and that Jerrod Lang, Angela Miller, Brandon Miller, and Marietta Winkle failed to obtain medical care for Woods after he was discovered hanging in his room.

In order to establish an "underlying" violation of Woods' constitutional rights by Jerrod Lang, Angela Miller, Brandon Miller, and Marietta Winkle, Plaintiff must prove each of the following by a preponderance of the evidence:

1.      Woods suffered from an objectively serious medical need;

2.      An agent, employee, or officer of the Board of County Commissioners displayed deliberate indifference to that serious medical need; and

3.      The agent, employee, or officer's deliberate indifference proximately caused injury to Woods.

With regard to #1, a medical need is considered sufficiently serious if a physician has diagnosed the condition and mandated treatment, or the condition is so obvious that even a layperson would easily recognize the medical necessity for a doctor's attention. This inquiry is what a layperson would have concluded and does not consider the agent, employee, or officer's state of mind. You are instructed that suicide is considered an objectively serious medical need under § 1983.

---

[13] Amended from Defendant's previously submitted Proposed Instruction No. 23, [Dkt. 225-2, pp. 7-9].

19

The second element – deliberate indifference – requires proof of egregious conduct. With regard to the claim that Jerrod Lang failed to take action to prevent Woods from committing suicide, Plaintiff must prove Jerrod Lang had actual knowledge of a substantial risk that Woods would commit suicide and, knowing that, failed to take reasonable measures to abate that risk. In other words, Plaintiff must prove Jerrod Lang: (1) was aware of facts from which the inference could be drawn that a substantial risk that Woods would commit suicide existed; and (2) actually drew that inference. You may infer actual knowledge of such a risk on the part of an agent, employee, or officer if you find that such a risk would have been obvious to Jerrod Lang. You are instructed that the general risk that all juvenile detainees in Woods' position may commit suicide is not sufficient to meet this standard. Rather, you must find that the risk was both *substantial* and *specific* to Woods.

With regard to the claim that the Jerrod Lang, Brandon Miller, Angela Miller, or Marietta Winkle failed to obtain medical care for Woods after he was discovered hanging in his room, Plaintiff must likewise prove than Jerrod Lang, Brandon Miller, Angela Miller, or Marietta Winkle had actual knowledge of a substantial risk of harm to Woods and failed to take reasonable measures to abate that risk. In other words, Plaintiff must prove Jerrod Lang, Brandon Miller, Angela Miller, or Marietta Winkle: (1) was aware of facts from which the inference could be drawn that a substantial risk of harm to Woods existed; and (2) actually drew that inference. Again, you may infer actual knowledge of such a risk on the part of an agent, employee, or officer if you find that such a risk would have been obvious to that agent, employee, or officer.

The third element requires Plaintiff to demonstrate that the failure to timely meet Woods' objective medical need caused him to suffer substantial harm. You are instructed that death is considered substantial harm under § 1983. If you find that Woods was already dead by the time

20

he was discovered hanging in his room, you must find that the alleged failure to obtain medical

care for him after the discovery did not cause him substantial harm. As you were told earlier in

these instructions, even if you find that staff were deliberately indifferent to a specific harm, this

alone is not enough to establish liability against the Board.

AUTHORITY:    *Estate of Hocker by Hocker v. Walsh*, 22 F.3d 995, 1000 (10th Cir. 1994); *Barrie v. Grand Cty., Utah*, 119 F.3d 862, 866 (10th Cir. 1997); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1495 (10th Cir. 1990); *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Oxendine v. R.G. Kaplan, M.D.*, 241 F.3d 1272, 1276-77 (10th Cir. 2001); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005); *Federal Jury Practice and Instructions*, 6th ed., § 166:30 (2015), 3B Fed. Jury Prac. & Instr. § 166:30 (6th ed.)

**DEFENDANT'S PROPOSED (AMENDED) JURY INSTRUCTION NO. __**

**<u>42 U.S.C. § 1983: MUNICIPAL LIABILITY</u>**[14]

As noted in previous instructions, Plaintiff's claims are against Defendant Board, which is a governmental (or municipal) entity. To establish municipal liability against Defendant Board under 42 U.S.C. § 1983, Plaintiff must first demonstrate that there was an underlying violation of Woods' constitutional rights by an employee or agent of the Board or County Commissioners, as described in the jury instructions above. If you find that there was no underlying violation of Woods' constitutional rights by an employee or agent of the Board or County Commissioners, then your deliberations must end, and you must find in favor of Defendant Board.

Even if you find that an agent or employee of the Board violated Woods' constitutional rights, that is not the end of your inquiry. A governmental entity such as the Board of County Commissioners cannot be held liable under § 1983 merely because its employee or agent violated someone's constitutional rights. Rather, Plaintiff must demonstrate that the Board itself, through its deliberate conduct, was the moving force behind a violation of Woods' constitutional rights. If you find that the Plaintiff has established an "underlying" violation of Woods' federal constitutional rights, as provided in the above instructions, then you must next consider whether an official policy or custom of the Board of County Commissioners was the proximate cause, or the moving force behind, the violation of Woods' constitutional rights.

<u>AUTHORITY</u>:        *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986); *Bd. of Cty. Comm'rs of Bryant Cty., Oklahoma v. Brown*, 520 U.S. 397, 403 (1997); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821-22 (1985); *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996); *Church v. City of Huntsville*, 30 F.3d 1332, 1345 (11th Cir. 1994); *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir.

---

[14] Amended from Defendant's previously submitted Proposed Instruction No. 24, [Dkt. 225, pp. 10-11].

1999); *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013); *Cox v. Glanz*, 800 F.3d 1231, 1255 (10th Cir. 2015).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**MUNICIPAL LIABILITY:**
**THERE IS NO 'VICARIOUS' LIABILITY**[15]

You are further instructed that the Board of County Commissioners cannot be held vicariously liable for its agents or employees actions, or in other words, liable solely because its agent or employee may have violated a person's constitutional rights. Therefore, if you find that Woods' constitutional rights were violated by an agent or employee of the Board, you may not find the Board liable solely as a result. Rather, in order to find Defendant Board of County Commissioners, you must determine that an official policy or custom of the Board of County Commissioners was directly linked to the alleged unconstitutional act(s).

AUTHORITY:    *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 1978); *Pembaur v. Cincinnati*, 475 U.S. 469, 483, 106 S. Ct. 1291, 89 L. Ed. 2d 425 (1986); *Bd. of Cty. Comm'rs of Bryant Cty., Oklahoma v. Brown*, 520 U.S. 397, 403 (1997); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821-22 (1985); *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996); *Church v. City of Huntsville*, 30 F.3d 1332, 1345 (11th Cir. 1994); *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999); *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003); *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

---

15 This is a new, proposed instruction.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

<u>**MUNICIPAL LIABILITY:**
**"POLICY", "PRACTICE", AND "CUSTOM"**</u>[16]

In order to establish the municipal capacity claim, Plaintiff must present evidence of a policy or custom of the Board of County Commissioners that violated Woods' federal constitutional rights. A "policy" is formal regulation or policy statement, whereas a "custom" is a continuing, consistent, and widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.

To meet his burden, Plaintiff must show not only that an official policy or custom exists, but also that such policy or custom caused Woods to be subjected to a deprivation of his federal constitutional rights. Plaintiff must also show a direct causal connection between the policy or custom and the alleged injury.

<u>AUTHORITY:</u>  *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *City of St. Louis v. Praprotnick*, 485 U.S. 112 (1988); *Carney v. City and Cty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008); *Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1189 (10th Cir. 2010); *Waller v. City and Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019).

---

16 This is a new, proposed instruction.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**<u>MUNICIPAL LIABILITY:</u>**
**<u>PROOF OF A SINGLE ISOLATED INCIDENT INSUFFICIENT</u>**[17]

Proof of a single isolated incident of an alleged constitutional violation is not sufficient to establish that an unconstitutional policy or custom of the Board existed. Additionally, in order to establish an unconstitutional custom of the Board, as discussed in the above instructions, random acts and isolated incidents normally fall short of the level of persistent and widespread conduct sufficient to establish municipal liability under § 1983. Rather, to demonstrate liability based on an un-official practice or custom, Plaintiff must show numerous particular instances of similar unconstitutional conduct occurring within a relatively short amount of time from each other.

If you find that there was a constitutional violation in this case, but that it was a single, random, and isolated incident, you must find that Plaintiff has not proven the existence of an unconstitutional policy or custom of the Board.

AUTHORITY:      *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985); *Carney v. City and Cty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008).

---

[17] Amended from Defendant's previously submitted Proposed Instruction No. 24, [Dkt. 225, pp. 10-11].

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**MUNICIPAL LIABILITY – POLICY OR PRACTICE OF INADEQUATE STAFFING**[18]

In order to prevail on his § 1983 claim against Defendant Board of County Commissioners alleging liability based on a policy or practice of MCCOYS inadequately staffing RJDC, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  An agent, employee, or officer of the Board of County Commissioners violated Woods' federal constitutional rights as discussed previously;

2.  The Board of County Commissioners had an official policy or an un-official practice or custom of inadequate staffing as discussed above;

3.  That the need for more adequate staffing was so obvious to the Board and the inadequacy so likely to result in a violation of constitutional rights, that the Board of County Commissioners can reasonably be said to have been deliberately indifferent to the need for more staffing; and

4.  Such policy, practice, or custom caused the alleged violations of Woods' federal constitutional rights.

With regard to #3, "deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or even gross negligence. Instead, Plaintiff must prove by a preponderance of the evidence that the Board of County Commissioners had actual or constructive knowledge that the particular deficiency in MCCOYS' staffing of RJDC would be substantially certain to cause MCCOYS' employees at RJDC to violate the constitutional rights of juvenile detainees, and that the Board of County Commissioners consciously or deliberately chose to disregard this risk of harm.

---

18 This is a new, proposed instruction.

AUTHORITY:     *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986); *Bd. of Cty. Comm'rs of Bryant Cty., Oklahoma v. Brown*, 520 U.S. 397, 403 (1997); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821-22 (1985); *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013); *Waller v. City and Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019); *Church v. City of Huntsville*, 30 F.3d 1332, 1345 (11th Cir. 1994); *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999); *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**<u>MUNICIPAL LIABILITY – POLICY OR PRACTICE OF FAILURE TO TRAIN</u>**[19]

In order to prevail on his § 1983 claim against Defendant Board of County Commissioners alleging liability based on a policy or practice of MCCOYS failing to train its staff at RJDC, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  An agent, employee, or officer of the Board of County Commissioners violated Woods' constitutional rights as discussed previously;

2.  The agent(s), employee(s), or officer(s) who violated Woods' constitutional rights was not adequately trained on a specific issue that was closely related to the alleged violation of Woods' federal constitutional rights;

3.  The need for more or different training was so obvious and the inadequacy so likely to result in a violation of a constitutional right, that Defendant Board can reasonably be said to have been deliberately indifferent; and

4.  The failure to train MCCOYS staff at RJDC caused the constitutional violation; that is, the failure to train is so closely related to the deprivation of Woods' rights as to be the moving force that caused the ultimate injury.

With regard to #2, it is not enough for Plaintiff to show that there were general deficiencies in MCCOYS' training of its employees. Rather, Plaintiff must identify a specific training deficiency that was obvious and closely related to the alleged violations of Woods' federal constitutional rights.

---

[19] Amended from Defendant's previously submitted Proposed Instruction No. 25, [Dkt. 225, pp. 12-13].

With regard to #3, "deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or even gross negligence and an inadvertent failure on the Board's part to ensure that MCCOYS provided its staff with adequate training is insufficient to establish deliberate indifference. Instead, Plaintiff must prove by a preponderance of the evidence that the Board of County Commissioners had actual or constructive knowledge that the particular deficiency in the MCCOYS' training program would be substantially certain to cause MCCOYS' employees at RJDC to violate the constitutional rights of juvenile detainees, and that the Board of County Commissioners consciously or deliberately chose to disregard this risk of harm.

AUTHORITY:   *City of Canton v. Harris*, 489 U.S. 378, 387-89 (1989); *Connick v. Thompson*, 563 U.S. 51, 61 (2011).; *Lopez v. LeMaster*, 172 F.3d 756, 760 (10th Cir. 1999); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013); *Waller v. City and Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**<u>MUNICIPAL LIABILITY—POLICY OR PRACTICE OF FAILURE TO SUPERVISE</u>**[20]

Plaintiff contends that the Board of County Commissioners can be held liable for the alleged violations of Woods' constitutional rights by the individual MCCOYS employees because those employees were not adequately supervised. However, supervisory status by itself is insufficient to support liability under 42 U.S.C. § 1983. In order to prevail on such a claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. An agent, employee, or officer of the Board of County Commissioners violated Woods' constitutional rights as discussed previously;

2. The agent(s), employee(s), or officer(s) who violated Woods' constitutional rights was not adequately supervised;

3. The need for more or different supervision was so obvious, and the inadequacy so likely to result in a violation of constitutional rights, that the Board of County Commissioners can reasonably be said to have been deliberately indifferent to the need for such supervision; and

4. The failure to adequately supervise caused the alleged violation of Woods' constitutional rights.

With regard to #3, deliberate indifference requires more than negligence or even gross negligence. Nor is it enough for Plaintiff to argue that the alleged violations of Woods' rights would not have occurred if the Board or County Commissioners had done more than it did. Rather, Plaintiff must prove by a preponderance of the evidence that Defendant Board had actual or constructive knowledge that the particular deficiency in the supervision of MCCOYS' staff

---

[20] Amended from Defendant's previously submitted Proposed Instruction No. 26, [Dkt. 225, pp. 14-15].

would be substantially certain to cause MCCOYS' employees to violate the constitutional rights of juvenile detainees and that the Board of County Commissioners consciously or deliberately chose to disregard this risk of harm.

With regard to #4, Plaintiff must present evidence of an affirmative link between the alleged violations of Woods' federal constitutional rights and the Board of County Commissioners' failure to supervise.

AUTHORITY:   *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Rizzo v. Goode*, 423 U.S. 362, 376 (1976); *Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988); *Ruegsegger v. Jefferson County Bd. of County Com'rs*, 197 F. Supp. 2d 1247 (D. Colo. 2001); *Sample v. Diecks*, 885 F.2d 1099, 1118 (3rd Cir. 1989); *City of Canton v. Harris*, 489 U.S. 378, 397 (1989); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *McClelland v. Facteau*, 610 F.2d 693, 697 (10th Cir. 1979); *Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013); *Waller v. City and Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**STATE LAW OR POLICY VIOLATION**[21]

You are instructed that a violation of a state law or an internal policy or procedure is not necessarily evidence of a violation of federal constitutional rights. If you find that anyone in this case violated any state law or regulation or any internal policy or procedure of the RJDC with regard to the treatment of Woods, the operation of MCCOYS, the operation of the RJDC, or the training or supervision of MCCOYS' staff, such a finding would be insufficient in itself to support liability under 42 U.S.C. § 1983. Rather, Plaintiff must prove that Woods' federal, constitutional rights were violated as addressed in the preceding instructions.

AUTHORITY:    *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005); *Romero v. Bd. of Cty. Comm'rs*, 60 F.3d 702 (10th Cir. 1995); *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001).

---

21 Previously submitted as Defendant's Proposed Instruction No. 27; has otherwise not been amended or changed since it was exchanged with Plaintiff's counsel.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**<u>PROXIMATE CAUSE</u>**[22]

Plaintiff must also prove that the Board of County Commissioners' acts or omissions were the proximate cause of the injuries which Plaintiff contends Woods suffered as a result of the alleged inadequate staffing by MCCOYS' and the alleged inadequate training and supervision of MCCOYS' staff. "Proximate cause" means that there must be a sufficient causal connection between the acts or omissions of the Board of County Commissioners and any injury sustained by Woods as a result of inadequate staffing by MCCOYS or inadequate training or supervision by MCCOYS of its staff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing an injury, that is, if the injury was a reasonably foreseeable consequence of the Board of County Commissioners' acts or omissions.

In order to recover damages for any injury to Woods, Plaintiff must show, by a preponderance of the evidence, that such injury would not have occurred but for the conduct of the Board of County Commissioners. If you find that Woods' injuries would have occurred even in the absence of the Board's conduct, you must find that the Board of County Commissioners did not proximately cause Woods' injuries.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damages. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to proximately cause an injury.

<u>AUTHORITY</u>:          *Abila v. Funk*, 220 F. Supp. 2d 1121, 1162-1164 (D. N.M. Nov. 23, 2016);
*Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006)

---

22 Amended from Defendant's previously submitted Proposed Instruction No. 28.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

<u>**CONTRACT WITH THE OFFICE OF JUVENILE AFFAIRS
AND CONTRACTUAL DUTIES**</u>[23]

You have heard evidence in this case that Defendant Board of County Commissioners entered into a contract with the Office of Juvenile Affairs. You are hereby instructed that any contractual duties created by this contract and/or the Board's awareness of those duties are insufficient in itself to support liability under 42 U.S.C. § 1983. Rather, Plaintiff must prove that Woods' federal, constitutional rights were violated as addressed in the preceding instructions.

<u>AUTHORITY</u>:  *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005); *Romero v. Bd. of Cty. Comm'rs*, 60 F.3d 702 (10th Cir. 1995); *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993); *City of Canton v. Harris*, 489 U.S. 378, 387 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988)

---

23 This is a new, proposed instruction.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**CONTRACT WITH THE OFFICE OF JUVENILE AFFAIRS AND TORT IMMUNITY**[24]

You have heard evidence in this case that Defendant Board of County Commissioners entered into a contract with the Office of Juvenile Affairs, and that Defendant Board then entered into a subcontract with MCCOYS for MCCOYS to operate the Muskogee County Regional Detention Center ("RJDC"). You are hereby instructed that, pursuant to Oklahoma law, the Board is immune for any tort liability for any loss resulting from any of the following:

1.      Judicial or quasi-judicial functions;

2.      Adoption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy;

3.      Inspection powers or functions, including failure to make an inspection, review or approval, or making an inadequate or negligent inspection, review or approval of any property, real or personal, to determine whether the property complies with or violates any law or contains a hazard to health or safety, or fails to conform to a recognized standard; An act or omission of an independent contractor or consultant or his or her employees, agents, subcontractors or suppliers or of a person other than an employee of the state or political subdivision at the time the act or omission occurred; and

4.      Provision, equipping, operation or maintenance of any juvenile detention facility, or injuries resulting from the escape of a juvenile detainee, or injuries by a juvenile detainee to any other juvenile detainee.

---

24 This is a new, proposed instruction.

Rather, Plaintiff must prove that Woods' federal, constitutional rights were violated as addressed in the preceding instructions.

AUTHORITY:    *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005); *Romero v. Bd. of Cty. Comm'rs*, 60 F.3d 702 (10th Cir. 1995); *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993); *City of Canton v. Harris*, 489 U.S. 378, 387 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988); Okla. Stat. tit. 51., § 155 (2), (4), (13), (18), and (26)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**<u>DAMAGES</u>**[25]

If you find that Plaintiff has proved, by a preponderance of the evidence, her claim(s) against Defendant Board of County Commissioners, you must then decide whether to award damages. You should not reach the issue of damages unless you find that the Plaintiff has established liability of the Defendant. The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other. The fact I have instructed you as to the measure of damages should not be considered by you as intimating any view of mine as to which side of this litigation is entitled to receive your verdict. Instructions as to the measure of damages are given for your guidance, as in all such cases, in the event you should find the issue of liability in favor of the Plaintiff on her claims from a preponderance of the evidence.

You are instructed the questions of damages are entirely distinct and different from the question of liability, and you should not consider the question of whether or not the Plaintiff has been damaged until you have first considered and decided the question of whether or not the Defendant Board is liable.

---

[25] This is a new, proposed instruction.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**<u>CAUSATION AND DAMAGES</u>**[26]

If you find in favor of Plaintiff, you may award damages only for those injuries which you find that Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the Defendant Board. You must distinguish between, on the one hand, the existence of a violation of Woods' rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that an agent, officer, or employee of Defendant Board deprived Woods of his constitutional rights, you must ask whether Plaintiff has proven by a preponderance of the evidence the deprivation directly caused the damage she claims that Woods suffered.

---

[26] Previously submitted as Defendant's Proposed Instruction No. 29; has otherwise not been amended or changed since it was exchanged with Plaintiff's counsel.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**COMPENSATORY DAMAGES**[27]

If you return a verdict for Plaintiff, then you must consider the issue of actual damages, and award such sum of money which will fairly and justly compensate Plaintiff for any injury you believe Woods actually sustained as a direct consequence of the conduct of the Defendant Board. Such damages are called compensatory damages, and in an action such as this, may include medical and burial expenses and Woods' alleged pain and suffering before death.

You shall award compensatory damages only for those injuries which you find Plaintiff has proven by a preponderance of the evidence. Moreover, you should award compensatory damages only for those injuries which you find Plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by the Defendant Board, not MCCOYS or its employees. That is, you may not simply award actual damages for any injury claimed by Plaintiff; you must award actual damages only for those injuries that are a direct result of the actions of the Defendant Board.

You are instructed such damages must not be oppressive or unconscionable, that as stated, must be a fair and reasonable compensation for Plaintiff insofar as Woods' damages may be computed in money.

You must fix the amount of money that will reasonably and fairly compensate for those elements of damages that you find were directly caused by the wrongful conduct of the Defendant Board, if any.

---

27 Amended from Defendant's previously submitted Proposed Instruction No. 30.

There is no claim in this case that Woods sustained any loss of income or other economic loss.  So, in calculating compensatory damages, you may not include any amount for those types of losses.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**<u>AVOIDANCE OF DOUBLE RECOVERY</u>**[28]

If you find the Defendant Board violated more than one of Woods' rights, Plaintiff is entitled to be compensated only for the injuries Woods actually suffered.

Thus, if the Defendant Board violated more than one of Woods' rights, but the resulting injury was no greater than it would have been had the Defendant Board violated only one of those rights, you should award an amount of compensatory damages no greater than you would award if the Defendant Board had violated only one of Woods' rights.

However, if the Defendant Board violated more than one of Woods' rights, and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and just compensate Plaintiff for the separate injuries Woods suffered.

<u>AUTHORITY:</u>   *Federal Jury Practice and Instructions*, 5th ed., § 166.64 (2004); *Mason v. Oklahoma Turnpike Authority*, 115 F. 3d 1442 (10th Cir. 1997); *Clappier v. Flynn*, 605 F. 2d 519 (10th Cir. 1979); *Stringer v. Dilger*, 313 F. 2d 536 (10th Cir. 1963).

---

[28] Previously submitted as Defendant's Proposed Instruction No. 31; has otherwise not been amended or changed since it was exchanged with Plaintiff's counsel.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**<u>SPECULATIVE DAMAGES</u>**[29]

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

<u>AUTHORITY</u>:      C. Richey, <u>Manual on Employment Discrimination and Civil Rights Actions</u>, § 85.08 (1987).

---

[29] Previously submitted as Defendant's Proposed Instruction No. 32; has otherwise not been amended or changed since it was exchanged with Plaintiff's counsel.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**CAUTIONARY INSTRUCTION CONCERNING
COUNSEL'S REQUEST FOR DAMAGES**[30]

I instruct you that an attorney's statement to you of the amount of damages you should award the Plaintiff is not binding upon you.  It is not evidence; it is only a lawyer's statement. It is the sole and exclusive function of the jury to determine the amount of money, if any, that will justly and fairly compensate the Plaintiff for any injuries and damages she has sustained. You are to make that determination solely on the basis of the evidence in this case, and on the law I will give you, and not on the basis of an attorney's statement, claim, or argument.

---

30 This is a new, proposed instruction.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**CLOSING**[31]

You will note from the oath about to be taken by the bailiff, that during the course of your deliberations, the bailiff, as well as other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

When you retire you should elect one juror as your presiding juror.  That person will preside over the deliberations and speak for you with the court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.  You must not use any method of chance in arriving at your verdict.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

A verdict form will be sent to the jury room with you, along with these written instructions of the court.  I suggest you study the verdict form early in your deliberations so you know what you must decide.  All of you must agree on a verdict.  When you do, the presiding juror will sign the verdict.  Notify the bailiff by a written note to the court when you have arrived at a verdict, so you may return it to open court.

If it becomes necessary during your deliberation to communicate with me, you may send a note through the bailiff signed by your presiding juror.  In the message do not tell me how you stand on your verdict.  No member of the jury should ever attempt to communicate with me

---

[31] Previously submitted as Defendant's Proposed Instruction No. 34; has otherwise not been amended or changed since it was exchanged with Plaintiff's counsel.

except by a signed writing.  The jury should not be discouraged from sending a note to the court when truly necessary, but please understand that when you do so, the court must (1) share the message with the parties and counsel, (2) determine what a proper response should be, (3) have it prepared and (4) deliver it to you.  Thus, a response may not be as prompt as you would understandably expect.  The instructions are intended to provide all the guidance that you are expected to need and the court requests you take this into consideration and reserve notes to the court for such truly necessary inquires.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __[32]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) ROBBIE EMERY BURKE, as Special Administratrix of the Estate of BILLY WOODS, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-108-RAW |
| | ) | |
| (1) MUSKOGEE COUNTY COUNCIL OF YOUTH SERVICES ("MCCOYS"), a Domestic Not-for-Profit Corporation, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## SPECIAL VERDICT FORM

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find

the issues as follows:

**QUESTION 1**:        Was Jerrod Lang deliberately indifferent to a substantial risk of suicide by

Billy Woods?

Yes _____ No _____

**QUESTION 2**:        Do you find that at the time that Woods was found hanging in his cell, he

was still alive and able to be resuscitated by staff?

Yes _____ No _____

*If you answered NO, then proceed to QUESTION 4.*

*If you answered YES, then proceed to QUESTION 3.*

**QUESTION 3**:        If your answer to Question 2 is YES, were any of the following individual

detention officers deliberately indifferent in failing to render medical aid to Billy Woods or to

---

[32] Amended from Defendant's previously submitted Proposed Instruction No. 35.

summon emergency medical services after he was found in his cell?

| Individual | YES | NO |
|---|---|---|
| Jerrod Lang | | |
| Brandon Miller | | |
| Angela Miller | | |
| Marietta Winkle | | |

*If you answered YES to any of the above-named individuals, then proceed to QUESTION 4.*

*If you answered NO to QUESTION 1 and NO as to all individuals for QUESTION 3, then do not answer any more questions. You are directed to render a verdict in favor of the Defendant Board of County Commissioners.*

**QUESTION 4**:        Did the deliberate indifference by the person(s) identified in your answers to Questions 1 and/or 3 cause a violation of Billy Woods' constitutional rights?

        Yes _____ No _____

*If you answered YES, then proceed to QUESTION 5.*

*If you answered NO, then do not answer any more questions. You are directed to render a verdict in favor of the Defendant Board of County Commissioners.*

**QUESTION 5**:        If, in your findings above, you find that Jerrod Lang, Brandon Miller, Angela Miller, or Marietta Winkle violated Billy Woods' constitutional rights, you must then determine whether or not the Defendant Board of County Commissioners has any liability for any such violation of the constitutional rights of Billy Woods.  Do you find that the policies or practices of the Board of County Commissioners were the moving force behind the actions of those employees that caused a violation of the constitutional rights of Billy Woods?

        Yes _____ No _____

*If you answered YES, then proceed to QUESTION 6.*

*If you answered NO, then do not answer any more questions.  You are directed to render a*

*verdict in favor of the Defendant Board of County Commissioners.*

**QUESTION 6**:　　　If you answered YES to Question 5, then state the amount of damages you

award to Plaintiff and against the Board of County Commissioners; $_____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __** [33]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) ROBBIE EMERY BURKE, as Special Administratrix of the Estate of BILLY WOODS, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-108-RAW |
| | ) | |
| (1) MUSKOGEE COUNTY COUNCIL OF YOUTH SERVICES ("MCCOYS"), a Domestic Not-for-Profit Corporation, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## VERDICT FORM

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the issues in favor of the Defendant Board of County Commissioners of Muskogee County, Oklahoma.

_____          _____

Foreperson

_____          _____


_____          _____


_____          _____

---

[33] Previously submitted as Defendant's Proposed Instruction No. 36; has otherwise not been amended or changed since it was exchanged with Plaintiff's counsel.