# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AUSTIN P. BOND, as Special Administrator of the Estate of BILLY WOODS, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-108-RAW |
| | ) | |
| BOARD OF COUNTY COMISSIONERS OF MUSKOGEE COUNTY, OKLAHOMA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT BOARD'S BRIEF REGARDING MUNICIPAL LIABILITY AND CONTRACTUAL DUTIES/VIOLATIONS

Defendant Board of County Commissioners of Muskogee County, Oklahoma ("Defendant" or "Defendant Board") submits the following Brief regarding municipal liability and contractual duties/violations.

## BRIEF IN SUPPORT

Plaintiff's counsel has directed the jury's attention to various provisions in the "Regional Secure Detention" contract between Defendant Board and the Office of Juvenile Affairs (Plaintiff's Exhibit 52), including the contractual provision that "[t]he existence of a subcontract shall not relieve Contractor of any responsibility for performing the Contract."[1] But this is a contractual duty between the Board and OJA, and this is not a breach of contract lawsuit. Instead, Plaintiff's claims against the Defendant Board have brought under 42 U.S.C. § 1983, based upon principles of municipal liability, for the alleged violation of Billy Woods' federal constitutional rights. And in that regard, to establish liability against Defendant Board under §

---

[1] This provision means, in other words, that if the subcontractor (here, MCCOYS) fails to satisfy the terms of the contract, than OJA can look to the Board for performance.

1983, Plaintiff must prove that there was an underlying constitutional violation by an agent or employee of Defendant Board, that such violation was caused by a policy or custom of Defendant Board, and that the policy or custom "was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Harte v. Bd. of Comm'rs of Cty. of Johnson, Kansas*, 864 F.3d 1154, 1195 (10th Cir. 2017) (quoting *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769 (10th Cir. 2013)); *see also Donahue v. Wihongi*, 948 F.3d 1177, 1199 (10th Cir. 2020) (municipal entities "'may not be held liable where there was no underlying constitutional violation by any of its officers'") (quoting *Hinton v. City of Elwood*, 997, F.2d 774, 784 (10th Cir. 1993)); *see also Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) ("Instead, 'the government as an entity' may only be held liable 'when execution of a government's policy or custom' . . . 'inflicts the injury.'") (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

In other words, "to prove a § 1983 claim against a municipality, a plaintiff must show the existence of a municipal policy or custom which directly caused the alleged injury." *Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("But, under § 1983, local governments are responsible only for 'their *own* illegal acts.'") (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see also Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 408 (1997) (plaintiff must also demonstrate that, through its *deliberate conduct*, the municipality was the "*moving force*" behind the injury alleged); *Burke v. Regalado*, 935 F.3d 960, 998 (10th Cir. 2019) (elements of municipal liability claim are "'(1) official policy or custom[,] (2) causation, and (3) state of mind'") (quoting *Schneider*, 717 F.3d at 770). Furthermore, "[t]he deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is

substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Schneider*, 717 F.3d at 771 (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). Importantly, "municipal liability in a § 1983 case cannot be established on a theory of vicarious liability." *Schneider*, 717 F.3d at 770; *see also Monell*, 436 U.S at 690 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor.").

Here, Plaintiff has directed the jury's attention to the aforementioned contractual provisions, claiming that the Board's contractual duty to OJA to perform the contract should MCCOYS fail to satisfy the contract's terms somehow implicates the Board's constitutional duties to Billy Woods and/or a violation of those constitutional duties. However, the Board's contractual duties to OJA are irrelevant to this suit and further is misleading, prejudicial, and likely to confuse the jury and therefore should not be allowed under Fed. R. Evid. 401 and 403.

Indeed, Plaintiff is apparently attempting to substitute the contractual duties between the Board and OJA with the constitutional duties of the Board to Billy Woods. But, any violation of a contractual duty does not establish violation of a constitutional duty under § 1983. *See Martinez v. Johnson*, 33 Fed. Appx. 395, 396 (10th Cir. 2002) ("Further, Martinez's allegations that defendants violated state laws and contract provisions do not include an allegation of a violation of a federally protected right, and therefore, this portion of the complaint was rightfully dismissed."); *see also Halpin v. Simmons*, 33 Fed. Appx. 961, 964 (10th Cir. 2002) ("[plaintiff's b]reach of contract claim based upon the theory that he is a third party beneficiary of the compact agreement between Kansas and Florida fails to state a claim actionable under § 1983" because it does not constitute a violation of federal law); *see also Williams v. Glover*, 977 F.2d 597 (10th Cir. 1992) (claims regarding breach of contract "does not implicate any federally protected right"). Additionally, Plaintiff's efforts here are little more than an attempt to substitute

3

vicarious liability and/or contractual duty for the requisite municipal liability standard above-described. However, it is well established that "municipal liability in a § 1983 case cannot be established on a theory of vicarious liability." *Schneider*, 717 F.3d at 770; *see also Monell*, 436 U.S. at 690 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor.").

In sum, the appropriate standard in this case is, as discussed above, whether there was an underlying constitutional violation of Billy Woods' constitutional rights that was directly caused by a policy or custom of the Board. Clearly, therefore, Plaintiff's continual attempts to conflate the contractual duties contained within the Board's contract with OJA with its constitutional duties to Billy Woods is improper, irrelevant, unduly prejudicial, and likely to confuse the jury, and therefore should be excluded under Fed. R. Evid. 401 and 403.

Respectfully submitted,

s/ Taylor M. Riley
Andy A. Artus, OBA No. 16169
Taylor M. Riley, OBA No. 33291
Michael L. Carr, OBA No. 17805
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: aaa@czwlaw.com
         tmr@czwlaw.com
         mlc@czwlaw.com

*Attorneys for Defendant Board of*
*Commissioners of Muskogee County,*
*Oklahoma*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen, via electronic mail at: danielsmolen@ssrok.com
Robert M. Blakemore, via electronic mail at: bobblakemore@ssrok.com
Bryon D. Helm, via electronic mail at: bryonhelm@ssrok.com
701 South Cincinnati Avenue
Tulsa, OK 74119

-and-

Joel A. LaCourse, OBA No. 17082
Caleb Salmon
LaCourse Law, PLLC
715 S. Elgin Ave.
Tulsa, OK 74120
Telephone:      (918) 744-7100
Facsimile:       (918) 477-2299
Email:            Joel@lacourselaw.com

*Attorneys for Plaintiff*

s/ Taylor M. Riley
Taylor M. Riley